**ALLIANCE TO END REPRESSION et al., Plaintiffs,**

v.

**James ROCHFORD et al., Defendants.**

**AMERICAN CIVIL LIBERTIES UNION et al., Plaintiffs,**

v.

**CITY OF CHICAGO et al., Defendants.**

**CHICAGO LAWYERS COMMITTEE FOR CIVIL RIGHTS UNDER LAW, Plaintiff,**

v.

**CITY OF CHICAGO et al., Defendants.**

**Nos. 74 C 3268, 75 C 3295 and 76 C 1982.**

United States District Court, N. D. Illinois, E. D.

June 7, 1977.

Amended June 24, 1977.

See also D.C., 431 F.Supp. 25.

Richard M. Gutman, Lance Haddix, Val. R. Klink, Robert J. Vollen, Lois Lipton Kraft, Robert C. Howard, Gerald J. Muller, Robert L. Byman, Chicago, Ill., for plaintiffs.

William Quinlan, Corp. Counsel, George M. Keane, Jr., James Daley, Asst. Corp. Counsels, Samuel K. Skinner, U.S. Atty., Thomas A. Dent, Asst. U.S. Atty., James L. Coghlan, Chicago, Ill., Jonathan B. Smith, Dept. of Justice, Civ. Div., Sp. Litigation Section, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

KIRKLAND, District Judge.

This matter is before the Court on Federal defendants' Objections to plaintiffs' Discovery Requests and on Federal defendants' Motion to Stay Class Discovery pending interlocutory appeal of this Court's certification of class.

### I. DEFENDANTS' OBJECTIONS TO DISCOVERY

Pursuant to Paragraph 7 of Pretrial Order Number 6, defendants are required to file memoranda in support of objections to discovery requests. Federal defendants object to plaintiffs' first set of document requests on the grounds that: (1) certain information in the files of named plaintiffs is not relevant to the named plaintiff who is the subject of the file; (2) certain information is not relevant to issues raised in the Complaint; (3) certain information is privileged from disclosure for the protection of confidential informants; (4) certain information is so sensitive that disclosure could jeopardize or obviate the effectiveness of F.B.I. operations in furtherance of its investigative responsibilities; (5) certain information could jeopardize an ongoing investigation; and (6) certain documents are internal memoranda containing suggestions or

**444**

recommendations rather than factual material. This Court considers defendants' relevancy objections first, then each of defendants' other arguments.

### A. *Defendants' Relevancy Objections*

■ Rule 26(b)(1), Federal Rules of Civil Procedure, provides that:

Parties *may obtain discovery regarding any matter,* not privileged, *which is relevant to the subject matter involved in the pending action* . . .. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. (emphasis added)

While relevancy objections may be raised by parties to litigation, courts have treated the issue of relevancy with great flexibility and liberality. *See, e. g., Sylgab Steel and Wire Corporation v. Imoco-Gateway Corporation,* 357 F.Supp. 659 (N.D.Ill.1973); *Heathman v. United States District Court for the Central District of California,* 503 F.2d 1032 (9th Cir. 1974); *La Chemise Lacoste v. Alligator Company,* 60 F.R.D. 164 (D.Del.1973). If requested materials are relevant, discovery is allowed without regard to admissibility at trial, *Smith v. Schlesinger,* 168 U.S.App.D.C. 204, 513 F.2d 462 (1975).

■ "Relevance" for purposes of discovery is determined by reference to the *subject matter in issue* and not particular pleadings, *United States v. International Business Machines,* 66 F.R.D. 180 (D.N.Y. 1974).

■ This Court notes that the scope of discovery in civil cases is extremely broad. Relevancy objections, while permissible, will not be sustained where discovery sought is relevant to the subject matter.

These principles should guide the parties as discovery progresses.

### 1. *Relevancy of Materials in Named Plaintiffs' Files*

■ Federal defendants first object that certain information in files of named plaintiffs is not relevant to the named plaintiffs who are the subject of those files. Defendants contend that

certain documents which contain information relevant to a number of individuals and/or organizations are placed in the files . . . of each individual organization [named in the documents]. The information concerning individuals other than the named plaintiff who is the subject of the file is not relevant to that named plaintiff's claim and is therefore objectionable.

After careful *in camera* inspection of deleted and undeleted versions of these files, this Court concludes that this objection is without merit. In many cases, the files contain material about persons or organizations with which the named plaintiff has been associated or affiliated. The subject matter of this suit is the broad-based continuing course and pattern of overt and covert governmental surveillance of persons and organizations engaged in lawful activities. The action also challenges defendants' infringement of plaintiffs' associational privacy. To allow deletions of these materials on grounds that they are irrelevant would deprive plaintiffs of the opportunity to fully investigate the scope of defendants' activities and to assess the extent to which their associational privacy has been violated.

### 2. *Relevancy of Discovery Requests to Issues in the Complaint*

■ Likewise without merit are defendants' objections to plaintiffs' interrogatories seeking both statistical data about the scope of defendants' intelligence operation and documents recording public statements of F.B.I. and Justice Department personnel. Plaintiffs' suit seeks relief for constitutional violations, the scope of which may be determined only by reference to statistical information about the scope and standards under which surveillance was conducted. This information is relevant to the subject matter of the suit and is therefore discoverable.

■ Defendants also object that some of the information about named plaintiffs relates to "criminal" or "foreign-related" activities and is therefore irrelevant. This Court agrees with plaintiffs that this information is relevant as an indicator of whether any of plaintiffs' activities gave defendants legal justification for maintaining files on plaintiffs or for engaging in surveillance of plaintiffs.

■ Defendants' objection to production of documents and information concerning interagency cooperation because the information would be irrelevant is without merit. Defendants' irrelevancy claim is based on a contention that these "other" agencies are not parties to this suit. However, in light of the fact that plaintiffs' Complaint alleges that named defendants conspired with others to carry out the alleged unlawful intrusions, and that the activities of defendants are broadly based, information about the scope of defendants' dissemination and receipt of intelligence data is relevant to the subject matter of this suit.

■ Finally, defendants' objection to interrogatories seeking information about the means of gathering intelligence data is without merit. This information is relevant to plaintiffs' understanding of the intelligence system and terminology used by defendants. Plaintiffs' ability to decipher documents produced in discovery will clearly "lead to the discovery of admissible evidence" and is therefore relevant.

Accordingly, defendants' objections to discovery on grounds of relevancy are overruled.

### B. *Defendants' Privilege Objections*

#### 1. *The Informer's Privilege*

Defendants first invoke the informer's privilege to justify their deletion of informer numbers, F.B.I. file numbers and information which would tend to jeopardize the anonymity of informers. Defendants further invoke the privilege to protect the identity of sources who requested or presumed that their identities would not be revealed.

In *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) the Supreme Court evaluated and discussed the nature and scope of the so-called "informer's privilege" in the context of a criminal case:

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law (citations omitted). The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. *The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.*
> Id. at 59, 77 S.Ct. at 627 (emphasis added)

The informer's privilege encourages citizen cooperation in law enforcement by insuring the anonymity of informers who have good reason to fear that disclosure of their identity could bring physical harm. At least implicitly, the privilege recognizes that the stakes are high in a criminal case and that the information transmitted by an informer may make the difference between acquittal and conviction.

■ When, on the other hand, a citizen reports on purely *lawful* activities, law enforcement goals are not furthered and the informer need not fear bodily harm if his identity is disclosed. In cases in which purely lawful activity is reported, the informer's privilege does not apply, *Alliance to End Repression v. Rochford,* 75 F.R.D. 428 (D.C.1976).

■ Because defendants in *Alliance* had been permitted to remove files which were the subject of pending criminal investigations, this Court was called upon to decide ONLY whether the privilege applied to persons who gave information about LAWFUL activities.

This Court is now asked to decide whether the privilege should apply where the

lawfulness of activities reported by informers has not been decided. Plaintiffs' Complaint alleges both that plaintiffs' activities were lawful and that defendants' surveillance of plaintiffs was unlawful. Neither of these allegations has yet been proven, nor should they be the basis of a decision as to whether the informer's privilege applies.

The privilege would be an empty one if it could be defeated merely through commencement of a civil suit by an individual seeking to learn whether he is the subject of a criminal investigation. Further, until the Court knows the risks to which informers might be subjected, they must be protected.

At the same time, this Court recognizes that discovery cannot wait until the issue of lawfulness of plaintiffs' activities is determined. Plaintiffs need this information to analyze the extent of defendants' activities. The balance between these interests is clearly a delicate one.

In light of the above competing interests, this Court concludes that recognition of an informer's *privilege* would be unduly restrictive. However, until the Court is able to adequately assess the risk to the informers here involved, some restrictions upon disclosure of informer's names is in order.

This Court hereby orders that Federal defendants: (1) produce the informer numbers, F.B.I. file numbers, and information they claim would tend to jeopardize the anonymity of informers; and (2) reveal the names of sources who requested or presumed that their identities would not be revealed. However, all productions made pursuant to this Order shall be subject to a protective order limiting to plaintiffs' legal team disclosure of materials identifying informers. Only in this way may the Court protect those informers who are ultimately found to have given information in the context of a criminal investigation. This Court finds persuasive the opinion of the district court in *Kenyatta v. Kelley,* 375 F.Supp. 1175 (E.D.Pa.1974) where the court recognized that:

Concomitant with the duty to investigate the criminal must exist the privilege to

investigate the suspect, for until information has been acquired, classified, analyzed, and disseminated neither guilt or innocence can be even surmised. (*Id.* at 1177.)

This Court views the protective order as the means of giving plaintiffs necessary discovery while allowing defendants to proceed with allegedly criminal investigations.

Accordingly, defendants' objection to discovery on the grounds of the informer's privilege is overruled, but all productions shall be subject to the protective order limiting to plaintiffs' legal team disclosure of materials identifying informers.

### 2. *Privilege for Internal Government Communications*

██ Defendants next object to interrogatories on the grounds that they relate to internal government memoranda containing recommendations and opinions rather than factual materials. Plaintiffs argue that there is an exception to the general privilege when the case in which such discovery is sought is one which challenges governmental misconduct.

This Court agrees with defendants that the cases which have recognized an exception to the privilege are distinguishable from this case because all those cases involved a Court's *ultimate* determination that various government defendants' activities were unlawful. In the instant case, no such determination has yet been made.

In the present case, this Court cannot rule on the governmental communications privilege issue without *in camera* review of documents for which that privilege is claimed. Although the Court recognizes that this ruling will place additional burdens on the parties and the Court, no intelligent ruling on this privilege may be made without inspection of the materials in question.

Accordingly, this Court hereby enters and continues defendants' objection to production of all materials for which the privilege relating to internal governmental communications is claimed. Federal defendants will

produce, for *in camera* inspection, all such materials along with a memorandum setting forth arguments in support of these claims, within 21 days of the date of this Order.

### 3. *Defendants' Other Privilege Claims*

Defendants invoke, but do not discuss, privileges for ongoing investigations, confidential sources and interference with foreign relations. Defendants' relevancy objections having now been ruled on for these issues, defendants are hereby given 21 days from the date of this Order in which to raise these objections formally; plaintiffs are given 21 days to respond, and defendants are given 14 days to reply.

### C. *Defendants' Claim of Undue Burden*

■ Defendants finally object to certain discovery on the grounds that production of such information would be unduly burdensome. That motion primarily seeks to withhold from discovery materials which would be difficult to produce because these materials are not stored in an organized filing system. Defendants' objection is totally without merit. This Court agrees with the reasoning of the district court in *Kozlowski v. Sears, Roebuck and Company,* 73 F.R.D. 73 (1976):

> To allow a defendant whose business generates massive records to frustrate discovery by creating an inadequate filing system, and then claiming undue burden, would defeat the purposes of discovery rules. (*Id.* at 76.)

Accordingly, Federal defendants' objection to discovery on grounds of undue burden is overruled.

## II. DEFENDANTS' MOTION TO STAY CLASS DISCOVERY

■ On May 24, 1977 this Court granted Federal defendants' Motion to Stay Discovery on class issues until resolution of Federal defendants' interlocutory appeal of class certification. This Court recognized that there was a possibility that needless discovery might occur if the Circuit Court were to decide to modify the class.

Accordingly, class discovery is stayed as follows:

(1) Federal defendants need not produce files on any persons or organizations unless named as plaintiffs in the suit; and

(2) Federal defendants need not produce files on any persons or organizations that are not named plaintiffs in the suit but make reference to named plaintiffs.

The production of these files is to be consistent with this Court's ruling on the relevancy objections *supra* and Federal defendants may not make deletions from the files of named plaintiffs on the grounds that class discovery has been stayed.

## III. CONCLUSION

Defendants' relevancy objections to discovery are overruled.

Defendants' Motion to Stay Class Discovery is granted as follows:

(1) Federal defendants need not produce files on any persons or organizations unless named as plaintiffs in the suit; and

(2) Federal defendants need not produce files on any persons or organizations that are not named plaintiffs in the suit but make reference to named plaintiffs.

Production of files is to be consistent with this Court's ruling on relevancy objections and Federal defendants may not make deletions from the files of named plaintiffs on the grounds that class discovery has been stayed.

Defendants' objection to discovery on the grounds of the informer's privilege is overruled, but all productions shall be subject to a protective order described in Section B.1. of this Opinion, *supra*.

Defendants' objection to discovery on the grounds that the interrogatories relate to internal government communications is entered and continued. The Court hereby orders that defendants produce, for *in camera* inspection, all materials for which the

privilege is claimed, with a memorandum setting forth arguments in support of these claims within 21 days of the date of this Order.

Defendants' other privilege claims are given a briefing schedule of 21, 21 and 14, such schedule to run from the date of this Opinion.

Defendants' objection to discovery on grounds of undue burden is overruled.