**PEOPLE'S TRUST BANK, et al., Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

Nos. F81–44, F81–123.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Nov. 25, 1983.

Milford Miller, Grant Shipley, Fort Wayne, Ind., for plaintiffs.

David Miller, Asst. U.S. Atty., Fort Wayne, Ind., Ronald F. Fischer, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM and ORDER

ALLEN SHARP, Chief Judge.

This case is presently before the Court on the Motion to Determine Sufficiency of Objections and to Compel Answers to Interrogatories and Request for Production of Documents of the defendant-counterclaimant, United States of America ("Government"). Plaintiffs People's Trust Bank, Paul E. Underwood, Gary L. Cox and Ronald Kirkpatrick (collectively referred to as "the Bank") initiated this action by filing a complaint against the Government on February 19, 1981. The complaint alleged that the Internal Revenue Service (I.R.S.) had "erroneously and illegally" assessed against each of the plaintiffs an income tax penalty and interest pursuant to 28 U.S.C. § 1346(a)(1) in the amount of Thirty-five Thousand Seven Hundred Sixty-one Dollars and Thirty Cents ($35,761.30). This liability was grounded in the contention that these persons are responsible for taxes which should have been withheld by a certain corporation (Ampar, Inc.) from the wages of that corporation's employees between July and December 1978.

By answer and a counterclaim served April 24, 1981, the Government generally denied the claims of the Bank but noted that no separate refund procedures had been initiated by Paul E. Underwood, Gary L. Cox and Ronald Kirkpatrick, procedures necessary to their joinder as coplaintiffs. Thereafter, such procedures were undertaken by the above-named parties. Their claims for refund were denied and they, in turn, filed a separate complaint under the cause number F81–123 alleging substantially the same claims as had the Bank in F81–44. On August 18, 1981, F81–44 and F81–123 were consolidated by order of the court.

On March 31, 1982, the Bank paid the balance of the assessment in order to stop the further accrual of interest. Subsequently, on August 22, 1982, the Bank filed an amended and supplemental complaint seeking the refund of the entire assessment paid rather than abatement of the collection of the excess of the original assessment. The Government filed an answer noting that refund procedures were not complete. On September 28, 1982, the Bank filed a motion for leave to file a second amended and supplemental complaint instanter. The second amended complaint represented that the refund procedures had been completed. Such motion was granted on September 30, 1983.

The Government's first set of interrogatories and a request for production of documents were propounded to the Bank on June 19, 1981. The Bank's answers to the interrogatories and response to the request for production of documents were filed on September 14, 1981. Thereafter, a second set of interrogatories by the Government was filed with the Court on November 16, 1982. Answers to this set were docketed on December 15, 1982. The Bank submitted its interrogatories and request for production on December 28, 1982. On January 28, 1983, the Government responded to these requests.

On February 24, 1983, the United States filed this motion to compel answers to Interrogatories Nos. 10, 11, 12, 13, 14, 15, 37 and 42. A memorandum in opposition to the motion was filed by the Bank on March 11, 1983. It was followed by the submission of a reply brief by the Government on March 31, 1983. A hearing for oral argument on this motion was set in South Bend, Indiana on May 20, 1983. A final telephonic pretrial conference was held in Fort Wayne on November 7, 1983.

The Bank objects to answering Interrogatories Nos. 10, 12, 13, 14, 15, 37 and 42 on the ground that they are irrelevant and burdensome. Interrogatories Nos. 10, 11, 13 and 14 [1] deal with an accounting of the

---

**1.** Interrogatories Nos. 10, 11, 13 and 14 read as follows:

*Interrogatory No. 10.* What was the total value of the assets of the *corporation* which the *bank*

assets and the value and disposition of those holdings prior to the liquidation of Ampar, Inc. In Interrogatories Nos. 12, 13 and 15 [2], the Government seeks information concerning the accounts receivable of Ampar, Inc. Interrogatories Nos. 37 and 42 [3] deal with information concerning the Bank's loans to Ampar during the period in question.

Specifically, the Bank argues that Interrogatories Nos. 10, 11, 13 and 14 are irrelevant because they seek information which occurred after the tax periods in question, a period described as "beyond the ambit of the pleadings." It contends that absent a tax lien, the Government has no relevant interest in the amount of money recovered from this liquidation of Ampar's assets, including the amounts recovered as to all accounts receivable.

■ The Federal Rules of Civil Procedure, specifically Rules 26 through 37 permit the broadest possible discovery. *Advance Labor Service, Inc. v. Hartford Accident & Indemnity Company,* 60 F.R.D. 632, 633 (N.D.IL 1973). The rule most pertinent to this discussion is Rule 26(b)(1) of the Federal Rules of Civil Procedure which provides as follows:

Rule 26. *General Provisions Governing Discovery*

(b) *Scope of Discovery.* Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and

---

seized on and after January 1, 1979.

*Interrogatory No. 11.* How much did the *bank* receive from the disposition of the assets of the *corporation* which the *bank* seized on and after January 1, 1979.

*Interrogatory No. 13.* With respect to each account receivable of the *corporation* upon which the *bank* made any recovery, state:

(a) the nature of the account receivable;

(b) the date the account receivable came into existence (that is, the date on which the *corporation* became entitled to the amount payable);

(c) the face amount of the account receivable; and

(d) the amount collected by the *bank* with respect to that account receivable.

*Interrogatory No. 14.* With respect to each item of property of the *corporation* which was seized and sold or otherwise disposed of by the bank, state:

(a) the nature of the property;

(b) the date it was acquired by the *corporation;*

(c) its fair market value; and

(d) the amount for which it was sold or otherwise disposed of.

2. Interrogatories Nos. 12, 13 and 15 read as follows:

*Interrogatory No. 12.* What do you contend is the total amount of accounts receivable of the *corporation* which the *bank* collected on or after July 1, 1978.

*Interrogatory No. 13.* See Note 1.

*Interrogatory No. 15.* With respect to every document pertaining to the accounts receivable of the *corporation* for the period in question, please state:

(a) the nature of the document;

(b) its present location and custodian;

(c) what accounts receivable it pertains to; and

(d) the date of each such account receivable referred to in each document, its face amount, and the amount (if any) collected by the *bank,* with respect to each such account receivable.

3. Interrogatories Nos. 37 and 42 read as follows:

*Interrogatory No. 37.* If the answer to Interrogatory 36 is the affirmative, state:

(a) the number of communications;

(b) the date of each communication;

(c) the person who so communicated with the *corporation;*

(d) the person at the *corporation* who was communicated with;

(e) the substance of each communication;

(f) whether each communication was in writing; and

(g) if the answer to Interrogatory 38(f) is in the affirmative, the present location of the writing.

*Interrogatory No. 42.* For each week during the period in question, please state:

(a) the total indebtedness of the *corporation* to the *bank;* and

(b) the kinds and amount of debts which comprised that total indebtedness.

location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead the discovery of admissible evidence.

Pursuant to Rule 33 of the Federal Rules, written interrogatories may be served by a party upon any other party relating to any matters which can be inquired into under Rule 26(b).

■ Relevance for discovery purposes is not to be limited to the precise issues formed by the pleadings, but is to be measured by the general relevance to the subject matter. *Matter of Hawaii Corp.*, 88 F.R.D. 518, 523–24 (D.C.Hawaii 1980). If requested materials lead to discovery of admissible evidence, the discovery request is relevant. *Alliance to End Repression v. Rockford*, 75 F.R.D. 441, 444 (N.D.Il 1977). Therefore, discovery requests should be complied with if there is a reasonable possibility that information sought may be relevant to the subject matter of the action. *Sherman Park Community Association v. Wauwatosa Realty*, 486 F.Supp. 838, 845 (E.D.Wis.1980).

■ In light of the foregoing authorities and the facts of this case, this court does not find the arguments of the Bank convincing. For liability to attach under I.R.C. § 6672 (West Supp.1983), the evidence must conclusively show that the Bank was a "responsible person" within the meaning of the statute. Whether the Bank was a control person, when it came into control and the extent of that control are not only within the ambit of the pleadings but they are also issues of central import to the Government's case.

Further, to prove a case under I.R.C. 3505(b) (West 1979), it is necessary for the Government to show that a lender advanced funds to an employer with knowledge that some or all of the funds will be used to pay net wages. *United States v. Intercontinental Industries, Inc.*, 635 F.2d 1215, 1220 (6th Cir.1980). Certainly, details of the loan transaction between the Bank and Ampar are essential to the Government in establishing that element of proof. Therefore, it is ordered that the Bank answer Interrogatories Nos. 10, 11, 12, 13, 14 and 15 in full.

■ The Government also seeks a more complete response to interrogatories Nos. 37 and 42. Interrogatory No. 37 seeks complete discovery of information relating to each communication between the Bank and Ampar with respect to advancements of loans during the third and fourth quarters of 1978. The Bank has given a summary answer showing that the only communications during the period consisted of telephone conferences between a bank employee and Ampar's bookkeeper, advising the Ampar bookkeeper as to each loan advance and the application of the advances. The court orders that the answer be implemented only by the production of the deposit slips allegedly mailed to Ampar's bookkeeper believed to be in the possession of Ampar, Inc.

Likewise, Interrogatory No. 42 asks for a detailed week-by-week account of the total indebtedness of Ampar, Inc. broken down by various types of account. The Bank has responded by submitting the various payment ledgers attached to each note reflecting the outstanding principal balance on each date. Rule 33(c) of the Federal Rules does permit the party upon whom an interrogatory has been served to specify the records from which an answer may be ascertained and to afford to such party the opportunity to examine and make the appropriate compilations or summaries. The court finds the Bank's response to this interrogatory totally satisfactory.

Plaintiff, the People's Trust Bank, shall answer and/or supplement all the aforementioned interrogatories within thirty (30) days of the entry of this order. The defendant, United States of America's request for expenses, including attorney's fees, is DENIED.

SO ORDERED.