M. Lucy **WEDDINGTON**, Personal Representative of the Estate of Malcolm F. Weddington, Deceased, Plaintiff,

v.

**CONSOLIDATED RAIL CORPORATION,**
Defendant.

No. S 83–250.

United States District Court,
N.D. Indiana,
South Bend Division.

Feb. 17, 1984.

John D. Ulmer, Goshen, Ind., for plaintiff.

Harold Abrahamson, Michael C. Adley, Hammond, Ind., for defendant.

### MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This cause is presently before the court on the motion to compel discovery of the plaintiff, M. Lucy Weddington. Plaintiff seeks a court order compelling defendant, Consolidated Rail Corporation, to answer Interrogatories numbers 9, 14, 18, 23, 36–38, 40–45, 48, 49, 54–56, 59–66 and to produce the files requested by plaintiff in her Request for Production of Documents Number 20.

This cause of action commenced in this court via a removal petition filed June 1, 1983. On June 6, 1983, this court entered an order directing the removal of this case from the Elkhart Circuit Court. Thereafter on September 23, 1983 at 3:30 P.M., John D. Ulmer, counsel for plaintiff, and Harold Abrahamson, counsel for defendant, met pursuant to Local Rule 7(e) regarding the discovery dispute and, after a personal meeting and consultation, were unable to reach an accord. Subsequently, plaintiff filed her motion to compel discovery on December 12, 1983. Defendant's reply was docketed January 11, 1984.

The scope of discovery in federal actions is governed by Rule 26 of Federal Rules of Civil Procedure which states in part:

(b) *Scope of Discovery.* Unless otherwise limited by order of the Court in accordance with these rules, the scope of discovery is as follows:

(1) *In General.* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the parties seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things in the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

▮ Rules 26 through 37 of the Federal Rules have been interpreted liberally to allow maximum discovery. If requested materials lead to discovery of admissible evidence, the discovery request is relevant. *Alliance to End Repression v. Rockford,* 75 F.R.D. 441, 444 (N.D.Ill.1977). Therefore, discovery requests should be complied with if there is a reasonable possibility that

information sought may be relevant to the subject matter of the action. *Sherman Park Community Association v. Wauwatosa Realty,* 486 F.Supp. 838, 845 (E.D.Wis. 1980).

■ With the definition of relevance as framed in the above cited cases kept firmly in mind, this court will now attempt to sort through the numerous objections presented and address the objections to each interrogatory in numerical order. Plaintiff, in Interrogatory number 9, requests the cost of installing and maintaining flashers and automatic gates at the Kercher Road crossing. Defendant objects on the grounds of relevancy. The objection is overruled since the economic feasibility of installing automatic gates is relevant to the issue of whether reasonable care was exercised in the use of warning devices at the Kercher crossing.

■ In Interrogatories numbers 14 and 23, plaintiff seeks to discover the average number of trains that traversed the Kercher crossing during a given period in 1982 and the width of the right-of-way at the crossing on December 17, 1983. In response to each interrogatory, the defendant replied that investigation continues. The court deems these appropriate responses and orders no supplementation until such time as defendant acquires the information.

■ Plaintiff request the speed of the train at impact and at specific points prior to impact in Interrogatory number 18. Defendants responded that the information could be ascertained through crew members. This is an inappropriate response since there is a duty on the part of corporate entity to discover all information available to it through its officers, employees and others. Under Rule 33 of the Federal Rules of Civil Procedure, answers to interrogatories addressed to a corporation or other judicial person must speak of the *composite knowledge* of the party. (emphasis added). *General Dynamics Corp. v. Selb Manufacturing Co.,* 481 F.2d 1204, 1210 (8th Cir.1973); *Trane Company v. Klutznick,* 87 F.R.D. 473, 476 (W.D.Wis.

1980); *Bollard v. Volkswagen of America, Inc.,* 56 F.R.D. 569, 582 (W.D.Mo.1971). Defendant is therefore ordered to respond in full to this request.

Interrogatories numbers 36, 37, and 38 ask the defendant to list and identify any studies performed by the defendant, or by other entities but known to the defendant, pertaining to (1) the Kercher Road crossing—its existing protection or the possibility of upgrading its protection—prior to or after the subject collision; (2) the relative effectiveness of various types of crossing warning devices, including automatic gates and the roles they play in preventing collision injuries and fatalities.

■ In response to Interrogatory number 36, defendant stated that it had no knowledge of such studies done prior to the accident but objects, on the grounds of relevancy, to any studies done subsequent to the accident. Information as to subsequent repairs is relevant to show the feasibility of precautionary measures. *See generally Ramos v. Liberty Mutual Insurance Co.,* 615 F.2d 334, 341 (5th Cir.1980), *cert. denied, sub nom. Rucker Co. v. Shell Oil Co.* et al., 449 U.S. 1112, 101 S.Ct. 921, 66 L.Ed.2d 840 (1981). Similarly, studies done by the defendant, or by other entities but known to the defendant, prior to the collision may be relevant to defendant's notice of the existence of and/or magnitude of danger at the Kercher crossing. *Ramos, supra,* 615 F.2d at 338–39. Accordingly defendant is ordered to supplement Interrogatory number 36 and to answer Interrogatory number 37.

■ Although Interrogatory number 38 is slightly different from the preceding two in that it deals with studies on the relative effectiveness of various types of warning devices and the role they play in preventing injuries and fatalities, the information is, nonetheless, relevant to defendant's knowledge of more adequate safety and warning devices. Defendant is, likewise, ordered to respond to Interrogatory number 38.

■ In Interrogatories numbers 40 and 41, plaintiff asks for the number of public

crossings in this state, the number of crossings protected by automatic gates and the number of automatic gates installed by the defendant during the last five (5) years. Defendant refuses to answer on the grounds that such statistical information is irrelevant and this court agrees with those objections. Defendant's objections to these interrogatories are sustained.

Interrogatory number 42 deals with the total amount of money spent by the defendant for crossing and/or warning improvements each year for the last five (5) years. In Interrogatory number 43, plaintiff seeks to discover what portion of the total amount was contributed by the railroad and by federal, state or local agencies. Defendant objects to each interrogatory on the basis that they are irrelevant and burdensome. Again, the amount of money spent on crossing and/or warning improvements bear on the question of notice and economic feasibility of improvements and, therefore, must be answered. In reference to Interrogatory number 43 calling for an itemization of the amounts spent on improvements, defendant is ordered to make available whatever files necessary and allow plaintiff to ascertain, at her own cost, the information sought as to each respective business entity or agency.

Interrogatory number 44 calls for identification of files concerning the improvement of cross warning devices at crossings generally and at the subject crossing specifically. Such information is directly related to the issue of reasonable care in this case and, therefore, will be provided by the defendant. Moreover, this interrogatory is, in substance, identical to Request for Production number 20. Therefore, defendant is further ordered to comply with Request for Production number 20.

In Interrogatory number 45, plaintiff requests information as to when defendant re-evaluates crossing protection devices. Again, this bears directly on the issue of reasonable care on the part of the defendant in maintaining and servicing the crossing equipment at the Kercher crossing and such information will be provided by the defendant.

Defendant objects to Interrogatories numbers 48 and 49 on the grounds of relevancy. It further contends that the answer calls for a legal conclusion. Interrogatory number 48 asks if defendant recognizes a duty to protect the public by taking safety precautions. If number 48 was answered in the negative, number 49 requested the basis for such a response. This court is in agreement with the defendant that any response to such requests necessitates a legal conclusion on the part of the defendant. Defendant's objections are, therefore, sustained.

Interrogatories numbers 54, 55 and 56 have been objected to on the basis of work-product privilege. Interrogatory number 54 asks if a specific investigatory procedure is maintained by defendant, Interrogatory number 55 requires a description of such procedure and Interrogatory number 56 asks if such investigation has been reduced to writing and the name of the person who has possession of such document. Rule 26(b)(3) of the Federal Rules of Civil Procedure does provide a qualified privilege against discovery of a party's documents or tangible things "prepared in anticipation of litigation." However, plaintiff is not asking for the essence of any investigative reports; rather, plaintiff seeks information with respect to the *investigative procedure* itself. Such an inquiry is relevant to a determination of whether any post-accident report was a document prepared in anticipation of litigation and, thus, protected by the work-product privilege. If found to be prepared in the ordinary course of business, such document would be subject to discovery. *Rakus v. Erie Lackawana Railroad Co.*, 76 F.R.D. 145, 146 (W.D.N.Y.1977).

In Interrogatory number 59, plaintiff seeks to identify every report received by the defendant concerning the particular incident. To this request, defendant replied that all reports were in possession of

defendant's counsel. This answer is not responsive to the interrogatory. Whether a particular document exists, what its *nature may be*, and in whose custody it may be, may be readily ascertainable by interrogatory. (emphasis added) *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 302 (E.D.Pa.1980); *U.S. v. Becton, Dickinson & Co.*, 30 F.R.D. 132, 133 (D.N.J.1962). To provide the identity of the custodian and not the nature of the documents, the essence of the inquiry, is comparable to avoiding the inquiry altogether. Even if the documents sought were gathered by an attorney in preparation for trial, an interrogatory may still be used to confirm the existence, though not the contents, of those documents. Defendant will provide the information requested, i.e., the identification of the documents.

■ In Interrogatory number 60, plaintiff seeks to elicit information relative to each lawsuit defendant has been involved in over the last fifteen (15) years concerning crossings protected by crossbucks. Defendant objects on the grounds of relevancy. Again, such information is relevant in that it bears on the issue of defendant's notice, the magnitude of the danger involved, and the ability to correct a known hazardous situation. *Ramos, supra,* 615 F.2d at 338–39.

■ Plaintiff seeks to discover the facts and criteria used in determining that flashers should be installed at five other railroad crossings in Elkhart County, Indiana, in Interrogatories numbers 61, 62, 63, 64 and 65. Defendant repeats his relevancy objection, a complaint which is echoed in virtually every interrogatory before the court in this motion. As with each other interrogatory examined above, defendant has failed to show how, despite the broad and liberal construction afforded the discovery rules, this interrogatory is not relevant. This information sought by the plaintiff would establish defendant's custom in taking precautionary measures at crossings deemed hazardous by its internal standards. Defendant is ordered to pro-

vide full and complete answers to each interrogatory.

■ Finally, in Interrogatory number 66 plaintiff seeks to determine why the engine that struck the decedent's vehicle was proceeding in reverse. Plaintiff has alleged that the operation of the train with the engine in reverse was an incident of defendant's negligence, directly and proximately resulting in the death of Malcom F. Weddington. The relevance of this interrogatory to plaintiff's claim is obvious.

Accordingly, defendant will answer and/or supplement as directed numbers 9, 18, 36–38, 42, 43 (as modified), 44, 45, 54–56, 59–66 within thirty days of the entry of this order. Defendant is further ordered to produce the documents sought in plaintiff's Request for Production ·Number 20. Defendant's objections to Interrogatories numbers 40, 41, 48 and 49 are sustained.

■ Plaintiff has also requested reasonable expenses incurred in bringing this motion. Defendant has failed to answer or has answered inadequately twenty (20) interrogatories out of a total of sixty-seven interrogatories. Most of the objections made were ill-founded, some bordered on the frivolous. Although the party resisting discovery must clarify and explain its objections and provide support for them, *Roesburg, supra,* 85 F.R.D. at 297, defendant in this case has offered only general objections without specific support. Defendant did file a reply to plaintiff's motion to compel but even that brief was general and perfunctory in nature, failing to specifically address the objections made. In light of this performance, plaintiff's motion. for reasonable costs is well taken and is hereby GRANTED.

SO ORDERED.