**BURTON MECHANICAL
CONTRACTORS, INC.,
Plaintiff,**

v.

**Brian E. FOREMAN, Defendant.**

**No. S91–258 (RLM).**

United States District Court,
N.D. Indiana,
South Bend Division.

Dec. 11, 1992.

Gerald F. Lutkus of Barnes and Thornburg, South Bend, IN, and Robert L. Lindgren and David L. Biek of Jones Day Reavis and Pogue, Chicago, IL, for plaintiff.

Thomas J. Brunner, Jr. of Baker and Daniels, South Bend, IN, and Robert C. Krupka and Constance Lindman of Kirkland and Ellis, Chicago, IL, for defendant.

### MEMORANDUM AND ORDER

PIERCE, United States Magistrate Judge.

This cause comes before the court on motions by plaintiff Burton Mechanical Contractors, Inc. ("Burton") to compel discovery and extend the present discovery completion deadline. Burton's motion to compel, which was filed on December 31, 1991, seeks additional answers to its First Set of Interrogatories to Defendant Brian E. Foreman, as well as all documents required by its Second Request for the Production of Documents and Things. Following a hearing conducted on February 10, 1992, the court ordered defendant Foreman to answer Burton's interrogatories 8(c) through 15 on or before March 15, 1992, and took under advisement its ruling with respect to Burton's document request and interrogatories 1 through 8(b), in the hope that the dispute over those matters could be resolved informally between the parties. That dispute, unfortunately, was not resolved. For the reasons which follow, Burton's motion to compel will be granted in part and denied in part, and it's motion to extend the discovery deadline will be granted.

*General Discovery Standards*

Burton's discovery requests are governed by the liberal standard set forth in Rule 26(b)(1), which permits discovery "regarding of any matter, not privileged, which is relevant to the subject matter involved in the pending action." That Rule provides that "[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." As the Supreme Court noted in *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978):

[t]he key phrase in this definition—'relevant to the subject matter in the pending action'—has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case ... Consistently with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues ... Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits.

*Id.* at 351, 98 S.Ct. at 2389, *citing Hickman v. Taylor,* 329 U.S. 495, 501, 67 S.Ct. 385, 388, 91 L.Ed. 451 (1947).

■ Thus, discovery will generally be allowed if the information sought is "relevant to the subject matter of the action and there is a reasonable possibility that [it] may provide a lead to other evidence that will be admissible." 8 C. Wright & J. Miller, *Federal Practice and Procedure* § 2008 at 49–50 (1970); *Bowman v. Consolidated Rail Corp.,* 110 F.R.D. 525 (N.D.Ind.1986); *People's Trust Bank v. United States,* 103 F.R.D. 519 (N.D.Ind.1983); *Weddington v. Consolidated Rail Corp.,* 101 F.R.D. 71, 73–74 (N.D.Ind. 1984). At the same time, however, the scope of discovery is not without limits. "Practical considerations dictate that parties not be permitted to roam in shadow zones of relevance and to explore matter which does not appear germane merely on the theory that it might become so." Shepard's, *Discovery Proceedings in Federal Court* § 14.4 at 221 (2d ed. 1991). "The responses sought must comport with the traditional motions of relevancy and must not impose an undue burden on the responding party." *Syed v. Director, Federal Bureau of Investigation,* No. 90–1801, slip op., 1990 WL 259734 (E.D.Pa. Jan. 30, 1991) (1991 U.S.Dist.LEXIS 1163); *Robbins v. Camden City Bd. of Education,* 105 F.R.D. 49 (D.N.J.1985).

*Interrogatories Numbers 1 Through 3*

■ Burton's motion to compel discovery with respect to Interrogatory Nos. 1–3 of Plaintiff's First Set of Interrogatories is

**GRANTED.** These three interrogatories call upon Mr. Foreman to "[i]dentify" all documents taken by him when he left Burton's employ, or that came into his custody or possession thereafter, which relate to the research, design, development, engineering, manufacturing, marketing, promotion, or sale of any Burton vacuum sewerage system or components thereof, or the financial health or business strategies of Burton. Mr. Foreman's response to these interrogatories states:

See documents previously produced bearing Bates Nos. D000001 through D000728. Mr. Foreman objects to this interrogatory insofar as it requests that he characterize the content of the documents by determining which of these documents are responsive to this interrogatory. The documents speak for themselves.

Mr. Foreman's answer, directing Burton to "[s]ee documents previously produced bearing Bates Nos. D000001 through D000728," suggests that he has produced all documents within the scope of the interrogatories, and the court will accept his representation in that regard. However, Mr. Foreman's appended objection implies that he has not determined or indicated which of the identified documents are responsive to the interrogatories. The interrogatories embody legitimate and proper inquiries, and Mr. Foreman's response is evasive and insufficient. He may identify the documents in question by Bates number, but he must do so with respect to each document responsive to a particular interrogatory and *only* such documents as are called for by a given interrogatory.

It seems clear that any interrogatory requesting the identification of documents within certain specified categories would impliedly require a responding party to "characterize" each document by the mere fact of its identification. If it did not call for the identification of documents or things by reference to particular categories, it would no doubt be objected to as being vague or overly broad. Indeed, Fed.R.Civ.P. 34(b) expressly requires a party seeking the production of documents to "set forth the items to be inspected either by individual item *or by cate-*

gory, and describe each item *or category* with reasonable particularity." (emphasis supplied.) Surely, a party faced with such a Rule 34 request for certain categories of documents may not object on the ground that production of the documents would require the party to "characterize" them. An interrogatory calling for identification of certain types of documents should be no different.

### Interrogatory Number 4

■ Burton's motion to compel discovery with respect to Interrogatory No. 4 of Plaintiff's First Set of Interrogatories is **GRANTED.** As to this and other interrogatories, Mr. Foreman has responded first by raising objections and then by proceeding to furnish an answer. This practice results in an ambiguous response, since it cannot be determined whether the responding party has supplied a full and complete answer in spite of the objection, or a partial or incomplete answer in reliance upon the objection. In this instance, Mr. Foreman's objection to the interrogatory "on the grounds of burdensomeness" is unsubstantiated and seemingly belied by the fact that he was able to provide an answer. An objecting party must specifically establish the nature of any alleged burden, usually by affidavit or other reliable evidence. *See Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 544 (N.D.Ind.1991); *Schaap v. Executive Industries, Inc.*, 130 F.R.D. 384, 387 (N.D.Ill.1990); *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 59–60 (D.D.C.1984); *Sherman Park Comm. Ass'n v. Wauwatosa Realty Co.*, 486 F.Supp. 838, 845 (E.D.Wis. 1980). Accordingly, his objection is **OVERRULED,** and he will be required to answer the interrogatory fully and without reservation.

### Interrogatory Number 5

Burton's motion to compel discovery as to Interrogatory No. 5 of Plaintiff's First Set of Interrogatories is **GRANTED.** Again, Mr. Foreman has proceeded to supply an answer to the interrogatory after raising objections on the grounds of relevance and undue burden. Those objections are **OVERRULED.** Mr. Foreman's claim of undue burden is again refuted by his apparent ability to pro-

vide an answer, and his assertion as to a lack of relevance is without merit. The court finds that the information requested is reasonably calculated to lead to the discovery of admissible evidence. Again, Mr. Foreman will be required to answer the interrogatory fully and without reservation.

### Interrogatory Number 6

Subpart (a) of Interrogatory 6 calls upon Mr. Foreman to identify all Cowells or Isecki vacuum sewerage systems or components for which he (or other Cowells or Isecki employees or agents under his direction) was involved in research, design, development, engineering, manufacturing, marketing, or sales efforts. Mr. Foreman responded to Interrogatory 6(a) by stating: "The Isecki vacuum interface valve." Mr. Foreman's Memorandum in Opposition to Plaintiff's Motion to Compel indicates that his "response to this interrogatory is complete." (Plaintiff's Memorandum in Opposition p. 9, n. 9.) Based upon this assurance that Mr. Foreman's answer to Interrogatory 6(a) is complete, Burton's motion to compel with respect to Interrogatory 6(a) is **DENIED.**

■ Subpart (b) asks Mr. Foreman to identify the dates of first conception, design, reduction to practice, manufacture, promotion, and sale of such system or component (the Isecki vacuum interface valve). To this, Mr. Foreman objected on the ground that the requested information was "not relevant to any issue in this dispute," and referred Burton to his general objection number 2, which stated:

> Mr. Foreman objects to plaintiff's interrogatories to the extent that they seek information belonging to third parties, including proprietary business information of Cowells and Isecki. Furthermore, Mr. Foreman has a contractual and legal obligation not to reveal confidential information or trade secrets of Cowells or Isecki to third parties such as Plaintiff.

Mr. Foreman's objections to subpart (b) are **OVERRULED.** The dates called for by this interrogatory would be probative on the question of whether Mr. Foreman misappropriated Burton's trade secrets and applied

them to the conception and design of the Isecki vacuum interface valve. The requested information is clearly relevant to the subject matter of Burton's action and the court finds that subpart (b) is reasonably calculated to lead to the discovery of admissible evidence.

■ In addition, Mr. Foreman has failed to demonstrate that the dates referred to in the interrogatory constitute confidential business information of a third party. And, even if he had made such a showing, there is no indication that he has standing in this action to assert the rights of Cowells or Isecki with respect to the protection of their proprietary or confidential business information. *See Sneirson v. Chemical Bank*, 108 F.R.D. 159 (D.Del.1985). *Cf. Bush Development Corp. v. Harbour Place Associates*, 632 F.Supp. 1359, 1364 (E.D.Va.1986); *Clayton Brokerage Co., Inc., Etc. v. Clement*, 87 F.R.D. 569, 571 (D.Md.1980); *Shepherd v. Castle*, 20 F.R.D. 184, 188 (W.D.Mo.1957). If Cowells and Isecki were concerned about confidentiality or interested in protecting their proprietary business information, they could have sought to intervene in this case. Instead, it appears that Isecki has so far managed to evade Burton's direct attempts to obtain discovery from it in the United Kingdom and through Mr. Coller in San Diego, at the same time that Mr. Foreman has assumed the rather inconsistent positions of zealously advocating Isecki's proprietary rights with respect to the information and records in Isecki's possession while proclaiming that he has no legal entitlement to the information and records in Isecki's possession and that it lies outside of his custody and control. Now, Mr. Foreman complains that the discovery process has taken too long, that the pendency of this litigation is really designed to damage Isecki's business, and that Burton's discovery efforts are straining his relationship with Isecki, his employer. The court does not share Mr. Foreman's concerns.

Subpart (c) calls upon Mr. Foreman to identify all documents which reveal, support, describe, embody, or evidence each of the dates stated in response to subpart (b). Mr. Foreman objected to Interrogatory 6(c), by reference to his objection to 6(b). Mr. Foreman's objections are **OVERRULED** for the reasons stated with respect to Interrogatory 6(b).

Burton's motion to compel discovery with respect to subparts (b) and (c) of Interrogatory 6 is **GRANTED**. Mr. Foreman will be required to answer the interrogatory fully and without reservation.

*Interrogatory Number 7*

Subpart (a) of Interrogatory 7 requests an identification of all communications between Mr. Foreman and any agent or employee of Burton after June, 1987, involving vacuum sewerage systems or components thereof, or Burton's business. For each such communication, subpart (b) of the interrogatory requests its date, the communicants involved, the mode of communication used, and a summary of the substance of the communication, while subpart (c) calls upon Mr. Foreman to identify all documents which reveal, support, describe, embody, or evidence the subject matter stated in response to subparts (a) or (b).

■ The dispute concerning this interrogatory centers mainly upon Mr. Foreman's correspondence with Dr. Donald Gray, a former consultant for Burton. Mr. Foreman's response to subpart (a) states that, to the best of his recollection, "[he] and Dr. Gray exchanged correspondence relating to vacuum sewerage technology in early 1988." Mr. Foreman's response to subpart (b) states:

The correspondence related generally to vacuum sewerage technology. Burton Mechanical is in possession of this correspondence as a result of the United Kingdom patent suit between Cowells and Burton Mechanical. In addition, Burton Mechanical can obtain this correspondence from Dr. Gray. The documents speak for themselves and Mr. Foreman objects to this interrogatory insofar as it requests that he characterize or summarize the content or substance of the documents.

In answering Burton's request for an identification of pertinent documents under subpart (c), Mr. Foreman stated: "Burton Mechanical is in possession of this correspondence as a result of the United Kingdom patent suit between Cowells and Burton Me-

chanical. In addition, Burton Mechanical can obtain this correspondence from Dr. Gray."

Later, in response to Burton's motion to compel, Mr. Foreman furnished an affidavit stating that the correspondence between himself and Dr. Gray "is now in storage with other Cowells' documents;" that he did not have copies of the correspondence, nor "the right or ability to obtain this correspondence and produce it to Burton Mechanical;" that the correspondence with Dr. Gray concerned his requests as an employee of Cowells for copies of various papers Dr. Gray, and others, had published concerning vacuum and other alternative sewerage systems; that, to the best of his recollection, the exchange of correspondence took place in late 1987; that he did not, at any time, request Dr. Gray to send him any unpublished materials of Burton Mechanical; and that Dr. Gray did not provide any unpublished material.

Mr. Foreman's response to subpart (a), pertaining to his communications with Dr. Gray, appears sufficient on its face. However, his answer to subpart (b), which requests specific information regarding *each* communication, is clearly insufficient. Mr. Foreman's answer is vague, and speaks of his communications with Dr. Gray collectively as "correspondence." Burton is entitled to the requested information for each communication, item of correspondence or letter which passed between Mr. Foreman and Dr. Gray during the indicated time period. Burton is also entitled to a direct answer from Mr. Foreman, regardless of whether Burton may have acquired the information from other sources or during other litigation. Further, Mr. Foreman's objection to the interrogatory "insofar as it requests that he characterize or summarize the content or substance of the documents" is without merit for the reasons noted previously. Accordingly, Mr. Foreman's objections to subparts (b) and (c) of Interrogatory 7, with respect to Dr. Gray, are **OVERRULED.** Burton's motion to compel discovery with respect to subpart (a) of Interrogatory 7 is **DENIED.** However, Burton's motion to compel with respect to subparts (b) and (c) of Interrogatory 7, as they pertain to communications with Dr. Gray, is **GRANTED.**

*Interrogatory Number 8*

Interrogatory 8 calls upon Mr. Foreman to identify all communications, after his resignation from Burton, between himself (or any Cowells or Isecki employee or agent under his direction) and any technology licensee of Burton, involving vacuum sewerage systems or components thereof. To this, Mr. Foreman objected "on the grounds of burdensomeness," and again referred Burton to his general objection number 2. In response to Burton's motion to compel, Mr. Foreman further asserts that "[t]he licensees at issue ... are not only customers of Burton Mechanical, but also former customers of Cowells and current customers of Isecki;" that he has revealed all communications with Burton Mechanical licensees "in his personal capacity;" that to the extent he communicated with those licensees "in his capacity as an employee of Cowells or Isecki, the information is proprietary to Cowells and Isecki and cannot be disclosed by Foreman;" and that "Burton Mechanical must seek this information directly from Cowells and Isecki, or from its own licensees...."

■ Again, Mr. Foreman's objection "on the grounds of burdensomeness" is insufficient. He has produced nothing to establish the nature and extent of the burden he is claiming. In addition, as previously discussed, there is nothing to suggest that he has standing to assert the proprietary or confidentiality interests of Cowells and Isecki. Burton is entitled to the requested information regardless of whether Mr. Foreman was acting "in his personal capacity" or "in his capacity as an employee of Cowells or Isecki," when he communicated with any of Burton's technology licensees. Mr. Foreman's objections to Interrogatory 8 are **OVERRULED,** and Burton's motion to compel with respect to Interrogatory 8 is **GRANTED.**

*Document Request Number 18*

Burton's Document Request 18 asks Mr. Foreman to produce "[a]ll documents identified, mentioned, referenced in, or relied upon in the preparation of Foreman's responses to Burton's First Set of Interrogatories." Mr.

Foreman's response to this request states as follows:

> Subject to the foregoing objections, all documents in Mr. Foreman's possession or control responsive to this Request have either been previously produced to Burton Mechanical or are in Burton Mechanical's possession as a result of the patent litigation between Cowells and Burton Mechanical in the United Kingdom.

■ To the extent that Mr. Foreman has declined to produce requested documents in his possession or under his control on the ground that they are in Burton's possession as the result of separate litigation, his response is insufficient. Burton is entitled to production of the documents in *this* action, without regard to whether they may have been provided to Burton in other litigation. "[I]t is no objection to discovery that the moving party may already have knowledge of the matters inquired into. This is true also of discovery of documents and other things under Rule 34." 4A J. Moore, J. Lucas, *Moore's Federal Practice* ¶ 34.12 (2d ed. 1991); *Italia di Navigazione, S.p.A. v. M.V. Hermes I*, 564 F.Supp. 492 (S.D.N.Y.1983); *Weiner v. Bache Halsey Stuart, Inc.*, 76 F.R.D. 624 (S.D.Fla.1977); *cf. Smith v. Logansport Community School Corp.*, 139 F.R.D. 637, 650 (N.D.Ind.1991). Burton's motion to compel with respect to its Document Request 18 is, therefore, **GRANTED** as to all requested documents within Mr. Foreman's possession, custody or control.

A question remains, however, as to what other documents may be considered to be within Mr. Foreman's "possession, custody or control," for purposes of Burton's document request under Rule 34. Mr. Foreman maintains that many of the documents identified in his responses to Burton's interrogatories belong to Isecki, that he has no legal right to them, that they are not within his custody or control, and that he cannot be compelled to produce them.

■ Under Rule 34(a), a party may discover from any other party documents "which are in the possession, custody or control of the party upon whom the request is served." Conversely, "[a] party may not be compelled to produce papers or things that are not in his possession, custody, or control." 4A J. Moore, J. Lucas, *Moore's Federal Practice*, ¶ 34.17 (2d ed. 1991). Actual physical possession is not required. *In re Domestic Air Transp. Anti–Trust Litigation*, 142 F.R.D. 354, 356 (N.D.Ga.1992); *Estate of Young Through Young v. Holmes*, 134 F.R.D. 291, 294 (D.Nev.1991); *Biben v. Card*, 119 F.R.D. 421, 425 (W.D.Mo.1987). "If the party to whom a request for production has been made has the legal right to obtain the documents sought to be produced, discovery can be had, even in the absence of actual possession." *Bowman v. Consolidated Rail Corp.*, 110 F.R.D. at 526; *In re Folding Carton Anti–Trust Litigation*, 76 F.R.D. 420, 423 (N.D.Ill.1977). Some courts have also inferred the requisite control over documents where the existence of a close relationship between the party receiving the request and the non-party has been established. *See Kravitz v. Jewelry Basics, Inc.*, No. 89–2657, slip op., 1990 WL 44899 (E.D.Pa., Apr. 12, 1990) (1990 U.S.Dist.LEXIS 4264); *Afros S.p.A. v. Krauss–Maffei Corp.*, 113 F.R.D. 127, (D.Del.1986); *In re Uranium Antitrust Litigation*, 480 F.Supp. 1138, 1153 (N.D.Ill. 1979). However, "a party seeking production of documents bears the burden of establishing the opposing party's control over those documents." *Camden Iron & Metal v. Marubeni America Corp.*, 138 F.R.D. 438, 441 (D.N.J.1991); *Norman v. Young*, 422 F.2d 470, 473 (10th Cir.1970); *Sparks Tune-up Centers, Inc. v. Panchevre*, No. 90 C 4369, slip op., 1991 WL 101667 (N.D.Ill. June 3, 1991) (1991 U.S.Dist.LEXIS 7441).

■ In this case, Burton has come forward with no affidavits or other evidence to dispute Mr. Foreman's assertion that he is not in possession or control, and does not have the legal right to obtain the other documents which are in Isecki's possession. The requisite control, moreover, is not apparent from Mr. Foreman's claimed status as an Isecki employee. In the absence of such a showing, Burton's motion for an order compelling Mr. Foreman to produce the documents which he claims to be outside of his possession, custody or control must be **DENIED.**

*Motion for Extension of the Discovery Deadline*

The fact that Mr. Foreman has repeatedly sought to assert Isecki's proprietary interests and raise claims of confidentiality on Isecki's behalf, considered along with Mr. Foreman's rather perfunctory objections and vague responses to Burton's interrogatories, as well as Burton's apparent lack of success in obtaining the requested documents directly from Isecki in the United Kingdom or through Mr. Coller in the Southern District of California, strongly suggests that Mr. Foreman and Isecki have acted in concert in an effort to impede apparently legitimate discovery by Burton. This court has no control over Burton's attempts to obtain discovery directly from Isecki, but it can extend the discovery completion deadline to allow Burton more time to secure the documents it is seeking by independent action. Accordingly, the deadline for completing discovery will be extended.

*Sanctions*

Both parties seek the imposition of sanctions under Rule 37. Mr. Foreman's request for sanctions is **DENIED.** The court reserves its ruling on Burton's request for sanctions pending the completion of discovery.

*Conclusion*

For the forgoing reasons, it is **ORDERED** as follows:

1. Defendant Foreman shall serve full and complete responses to plaintiff's interrogatories 1, 2, 3, 4, 5, 6(b) and (c), 7(b) and (c), and 8 within forty-five (45) days of this date.

2. Defendant Foreman shall produce all documents called for by plaintiff's document request 18, to the extent that such documents are within his possession, custody or control, within forty-five (45) days of this date.

3. Plaintiff shall take the deposition of the defendant Foreman in South Bend, Indiana, in accordance with the terms of this court's February 11, 1992 Order, on or before May 3, 1993.

4. The deadline for completing discovery is extended to, and including, June 15, 1993. No further extension will be allowed.

**SO ORDERED.**