[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 15, 1997
This case first came before the undersigned at a short calendar proceeding. At that time the parties each indicated that they needed the intervention of the court to resolve various discovery disputes. At the request of the undersigned the parties have submitted briefs summarizing the discovery disputes and all other documents which they deemed necessary to enable the court to decide the discovery issues.
Plaintiff's Discovery
The plaintiff, Hartford Life and Accident Insurance Company CT Page 4783 and Hartford Life Insurance Company ("Hartford"), has represented that it has two major discovery disputes with the defendants: 1) the defendants have refused to give deposition testimony and have refused to produce documents concerning their communications with third parties on the basis of the confidentiality of the documents received from third parties; 2) the defendants have abused the designations "Confidential" and "Confidential-Attorneys' Eyes Only," which were established by the Protective Order entered in this case.
In this case the plaintiff alleges the theft by defendants John Wiggin, Donald Canfield, Lynn Dubois and Thomas Foran, former employees of Hartford, of valuable trade secrets and other proprietary information of Hartford. It further alleges that the aforementioned former employees used critical financial and other proprietary information from Hartford and gave it to the defendant Integrated Disability Management, L.L.C. ("IDM"), which used the information to compete with Hartford.
One category of information which Hartford has sought from the defendants is communications between IDM and potential customers concerning IDM's efforts to obtain business. Specifically, Hartford has requested the requests for proposals ("RFPs") submitted to IDM by potential customers and IDM's responses to those RFPs. The defendants have claimed that the RFPs and responses reveal confidential information of third parties and have refused to disclose those documents.
The plaintiff argues that the defendants' objection to the disclosure of the RFPs and IDM's responses thereto, documents which are clearly relevant to issues in the case, on the grounds of confidential information of third parties is improper on several grounds. First the plaintiff contends that the defendants do not have standing to assert the alleged rights of third parties. The court agrees.
While the courts of Connecticut have not addressed the issue, several federal courts have held that a party has no standing to assert rights of third parties with respect to the protection of proprietary or confidential documents. Burton MechanicalContractors, Inc. v. Foreman, 148 F.R.D. 230, 233 (N.D.Ind. 1992); Mike v. Dymon, Inc., 1996 WL 606362, *3 (D.Kan. 1996);Snierson v. Chemical Bank, 108 F.R.D. 159, 160 (D.Del. 1985).
The plaintiff also contends that the defendants have produced CT Page 4784 no evidence that the RFPs contain confidential information. The plaintiff has produced one RFP which it claims was sent to IDM and Hartford. The court has reviewed that document. It does not contain any request for confidentiality or any other statement indicating that the author company believes that the document contains any confidential information. In addition a review of the document does not reveal any information which would be deemed confidential. The defendants have produced no evidence that any RFP in question contains any confidential information.
Even if the documents at issue did contain confidential information, that would not render them undiscoverable. Generally, documents containing trade secrets or proprietary information are subject to discovery. The confidential nature of such documents is generally protected by a protective order, such as the one in place in this case. See Coca-Cola Bottling Co. v.Coca-Cola Co., 107 F.R.D. 288, 292 (D.Del. 1985); Aramburu v.Boeing Co., 1994 WL 810248 at *1 (D.Kan. 1994). In 1979 the United States Supreme Court concluded that confidentiality does not equate to privilege, and observed that "orders forbidding any disclosure of trade secrets or confidential information are rare. More commonly, the trial court will enter a protective order restricting disclosure to counsel . . . or to the parties."Federal Open Market Committee v. Merrill, 443 U.S. 340, 362 n. 24,99 S.Ct. 2800, 2813 (1979).
The RFPs and similar documents from customers or potential customers and the defendants' response to same are highly relevant to the issues in this case. Indeed, in all cases involving alleged improper competition a defendant could evade virtually all critical discovery requests if he were permitted to withhold documents pertaining to his customers or potential customers. The defendants are ORDERED to produce all documents referred to in the first sentence of this paragraph within 30 days. If the document is produced along with an affidavit from the author company that it contains confidential information, or if the document itself contains a statement that information therein is confidential, then the document will be subject to the Protective Order in place in this case.
In addition, the defendants are ORDERED to answer questions concerning their dealings with third parties concerning the solicitation of business, their response to RFPs or other related subjects. This order applies to questions in the form of interrogatories, production requests and questions posed at CT Page 4785 depositions.
With respect to the defendants' abuse of the designations contained in the protective order, it is hereby ORDERED that the documents identified by the plaintiff as Exhibits W, X and Y to the Jones affidavit are hereby deemed to hold no confidential designation.
The parties are ORDERED within 30 days of this order to redesignate all other documents and deposition transcripts to the extent same are not confidential, or to the extent same are confidential, but not, "confidential-attorneys' eyes only." It is improper to designate entire deposition transcripts as being confidential ab initio and the defendants will refrain from doing so in the future.
After thirty days if any party believes that the opposing party or parties has/have improperly designated a document, then such document will be presented to the undersigned and the court will determine whether the document has or has not been improperly designated. Any party who is then found to have improperly designated any document or transcript will have to pay costs to the other party in the amount of $20 per page improperly designated.
Defendants' Discovery
The defendants claim that the plaintiffs have agreed to produce documents subject to a protective order which is now in place, and then simply failed to do so. Such conduct is clearly improper. The defendants also claim that various objections which the plaintiff has interposed to interrogatories or production requests are not valid. The court has reviewed the interrogatories and production requests presented by the defendants and makes the following rulings:
The plaintiff is ORDERED to produce to the defendants within thirty days hereof all documents which it has previously agreed to produce subject to Protective Order and all documents as to which the court hereinafter overrules the plaintiff's objection.
With respect to the defendants' Interrogatories and Production Requests dated October 4, 1996, the objections to the following are sustained: Interrogatories 45, 47, 140, 141, 142, Production Requests 42, 43. The objections to the following are CT Page 4786 overruled: 46, 53, 54, 55, 56, 57, 107, 108, 109, 110, 156, Production Requests 44, 54, 55.
With respect to the defendants' Interrogatories and Production Requests dated January 29, 1997, the objections to the following are sustained: Interrogatories 63, 64, 65. The objections to the following Interrogatories are overruled: 31, 32.
The plaintiff is hereby ORDERED to respond to the foregoing interrogatories, the objections to which have been overruled, within 30 days of the date hereof.
AURIGEMMA, J.