## No. 26739

**William G. Fields v. Hon. George M. McNamara, Judge of the Second Judicial District**

(540 P.2d 327)

Decided September 2, 1975.

Friedman, Bader & Dufty, Robert A. Dufty, for petitioner.

Long & Jaudon, P.C., William M. Reed, for respondent.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

Under C.R.C.P. 34, the respondent judge issued an order permitting the inspection and copying of records, reports and x-rays. Also, he ordered the petitioner-plaintiff to execute and deliver an authorization allowing such inspection and copying. We issued a rule to show cause as to the breadth of the provisions of the authorization. The matter is now at issue

and we make the rule absolute in one respect and discharge the remainder of it.

The petitioner brought an action for damages for injuries allegedly sustained in an automobile accident. The complaint alleged that the petitioner "suffered injuries to his head, neck, back and chest, and other injuries. . . . Some of his injuries have been disabling and will be so in the future."

After hearing, the court entered the following order:

"1. That Defendant's Motion to Permit Inspection and Copying is granted, limited, however, to the areas and disabilities for which Plaintiff is claiming injury and damage.

"2. That the authorization for medical records and reports form submitted by Defendant is hereby approved.

"3. That said form, which has been supplied to Plaintiff's counsel, shall be executed by Plaintiff and provided to Defendant's counsel immediately upon expiration of the time within which appeal may be taken from this order if such appeal is not taken."

The authorization referred to in the order reads as follows:

"I hereby authorize Dr. William F. Gerber, Dr. Arthur K. Strasburger, Westside Health Center, Denver General Hospital, St. Joseph's High School and Metropolitan State College, all of Denver, Colorado, and the United States Navy, wherever situated, and any other physician or medical institution who has attended or examined me or who may attend or examine me, *to disclose* and deliver to Long & Jaudon, Professional Corporation, Attorneys at Law, or their agents or representatives, Denver, Colorado, *all facts and particulars* desired with reference to my past, present and future physical condition and to furnish said parties any transcripts or hospital case histories or written records or copies of x-rays or physicians' or surgeons' diagnosis requested, provided, however, that such disclosure and furnishing shall be limited to physical conditions concerning my head, neck, back, arms, legs, chest and hips and physical conditions causing headaches, nosebleeds, diarrhea, blurred vision, nausea, pain in the hips, back and neck, and numbness and/or tingling of the arms and legs. This Authorization shall be valid for one (1) year from the date hereof. A photocopy hereof shall be as valid as the original." (Emphasis added)

The petitioner responded to interrogatories and his deposition was taken. In the respondent's brief it is stated: "Petitioner has been in four other automobile accidents, including a roll-over, and has had two other injuries to his lower back. Some of these injuries pre-date and some post-date the accident in question."

I.

In the petitioner's reply brief it is stated:

"While the Petitioner agrees that Colorado decisions indicate that plaintiff waives privilege to those medical matters directly pertaining to the case filed by a plaintiff, this fact alone does not make permissible the

procedures permitted by Respondent's Order, i.e. unlimited inspection and copying in areas which could well be still privileged because they are unrelated to the action in question."

    ■ Except as hereinafter noted with respect to *ex parte* communications, we perceive no error in the provisions of the authorization. In *C. Wright and A. Miller, Federal Practice and Procedure*: Civil § 2206 it is stated as to Rule 34:

". . . it is as broad in scope as any of the discovery devices and is in all respects an essential part of the liberal and integrated scheme for the full disclosure of relevant information between the parties that will facilitate prompt and just disposition of their litigation. The rule authorizes the broadest sweep of access, inspection, examination, testing, copying and photographing of documents or objects in the possession or control of another party."

## II.

The authorization, however, goes too far in permitting *ex parte* questioning of physicians or others concerning documents to be examined. Not infrequently counsel will stipulate that the defendant's attorney acting *ex parte* may ask physicians and others to identify documentary material and may ask certain questions concerning it — and this is oft-times good practice. The court, however, cannot order such *ex parte* proceedings; and, if the inspecting party needs further information concerning documentary material, the formal method of eliciting the same is by further discovery procedure.

The rule is made absolute insofar as the authorization for *ex parte* communications with doctors and others are concerned. Otherwise, the rule is discharged.

MR. JUSTICE DAY and MR. JUSTICE KELLEY do not participate.