**ASSOCIATION OF RETIRED RAILROAD WORKERS, Plaintiff,**

v.

**UNITED STATES RAILROAD RETIREMENT BOARD, et al., Defendants.**

Civ. A. No. 84–3258.

United States District Court, District of Columbia.

Sept. 20, 1985.

John Hardin Young, Washington, D.C., for plaintiff.

Thomas J. McIntyre, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

STANLEY S. HARRIS, District Judge.

This case is before the Court on cross-motions for summary judgment. The plaintiff Association of Retired Railroad Workers seeks, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the names and addresses of all persons who have retired or will retire from the railroad industry. The defendants, the United States Railroad Retirement Board, its three members, and two of its officials, have declined to disclose such information,

asserting that it is exempt from disclosure under 5 U.S.C. § 552(b)(3) and (b)(6).

Information sought pursuant to the FOIA must be made available unless it can be shown by the agency withholding the information to fall within any of nine exceptions. *Lykins v. United States Department of Justice*, 725 F.2d 1455, 1456 (D.C. Cir.1984). In refusing to provide the plaintiff with the requested information, defendants rely, *inter alia*, on 5 U.S.C. § 552(b)(3), which reads:

[The FOIA] does not apply to matters that are—

(3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

* * * * * *

Section 12(d) of the Railroad Unemployment Insurance Act, 45 U.S.C. § 362(d) (1976, Supp. VIII), is the statute which forms the basis for the defendants' invocation of exemption 3.[1] It states, in pertinent part:

**Information as confidential**

(d) Information obtained by the Board in connection with the administration of this chapter shall not be revealed or open to inspection nor be published in any manner revealing an employee's identity: *Provided, however,* That ... (ii) the Board may disclose such information in cases in which the Board finds that such disclosure is clearly in furtherance of the interest of the employee or his estate;

* * * * * *

■ When an agency claims an exemption under 5 U.S.C. § 552(b)(3), it is the Court's duty to determine, first, whether the statute upon which the exemption 3 claim is founded actually fits within the guidelines set forth in that section, and second, whether the information sought after falls within the boundaries of the nondisclosure statute. *Irons & Sears v. Dann,* 606 F.2d 1215 (D.C.Cir.1979).

■ The Court concludes that the information sought by the plaintiff falls squarely within § 12(d). The information requested of the defendants would "reveal[ ] an employee's identity." Release of this type of information is proscribed by this section.

It is obvious that § 12(d) does not satisfy exemption (3)(A). However, it is equally obvious that it "refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3)(B). Of the plethora of information collected and stored by the Board, § 12(d) limits only the publication or release of information which would reveal employees' identities. This is sufficient to bring § 12(d) within the (3)(B) exemption. The requirements of this exemption are stated in the disjunctive, and, if either prong is satisfied, the statute precluding disclosure applies. *Irons & Sears v. Dann, supra,* at 1220. The fact that the exempting statute, § 12(d), gives the Board discretionary authority to release information upon finding "disclosure [to be] clearly in furtherance of the interest of the employee" does not prevent this statute from fitting within exemption (3)(B). *Id.*

For the foregoing reasons, the Court finds that 45 U.S.C. § 362(d) falls within the ambit of the exemption set forth in 5 U.S.C. § 552(b)(3)(B), and that defendants' refusal to release the requested information was justified.[2] The Court concludes that there is no genuine issue as to any material fact, and that the defendants are

---

1. That statute is incorporated by reference in the Railroad Retirement Act by § 7(b)(3) of that Act, 45 U.S.C. § 231f(b)(3).

2. Having reached that conclusion, it is unnecessary to discuss the parties' contentions with respect to the personal privacy exemption set forth in 5 U.S.C. § 552(b)(6).

entitled to judgment as a matter of law. Fed.R.Civ.P. 56. Accordingly, it hereby is

ORDERED, that plaintiff's motion for summary judgment is denied and the defendants' motion for summary judgment is granted.

SO ORDERED.