525

Marion P. BOWMAN, Plaintiff,

v.

CONSOLIDATED RAIL CORPORA-
TION, Rockwell International
Corp., Defendants.

No. S85–255.

United States District Court,
N.D. Indiana,
South Bend Division.

May 5, 1986.

Robert P. Thompson, Chicago, Ill., Calvin K. Hubbell, Valparaiso, Ind., for plaintiff.

Harold Abrahamson, Hammond, Ind., for Consol. Rail Corp.

Roland Ober.chain, John Obenchain, South Bend, Ind., for Rockwell Intern. Corp.

## MEMORANDUM and ORDER

MILLER, District Judge.

This cause is before the court on defendant Consolidated Rail Corporation's ("Conrail") motion to compel production of documents pursuant to Rule 37 of the Federal Rules of Civil Procedure. The parties complied with District Rule 7(e) but reached no

resolution of their differences concerning discovery. The matter is now ripe for ruling.

## I

This personal injury action arises from an alleged job-related accident. There was, at the time of the accident, an employee-employer relationship between plaintiff Marion P. Bowman and Conrail. During the course of pretrial discovery, Conrail has sought and been refused production of documents that were submitted to the Railroad Retirement Board (hereinafter referred to as the "Board") in connection with Mr. Bowman's application for railroad retirement benefits; these documents form the basis of the Conrail's motion to compel discovery. Conrail asserts that those documents are in the possession or control of Mr. Bowman, that they are an appropriate subject of discovery in that they relate to the issue of whether Mr. Bowman's disability is work-related, and that Conrail has been unable to obtain said documents by other means.

In response, Mr. Bowman contends that he is not in possession of the documents Conrail seeks; that Conrail can acquire medical records from alternate sources; that the documents constitute privileged information under 45 U.S.C. Section 362(d); that the documents are irrelevant and that the Board's determination as to Mr. Bowman's eligibility for benefits "is not admissible as evidence and therefore, discovery of it cannot possibly lead to admissible evidence". Mr. Bowman cites no authority, other than 45 U.S.C. Section 362(d), in support of his position that the information is not discoverable.

## II

Mr. Bowman's opposition to production of the documents is without merit.

### A

Rule 34 of the Federal Rules of Civil Procedure provides that any party may request any other party to produce or inspect and copy "any tangible things which consti-

tute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served". Matters within the scope of Rule 26(b) include "any matter, not privileged, which is relevant to the subject matter involved in the pending action".

A party from whom discovery is sought must have possession, custody or control of the materials sought. Fed.R.Civ.P. 34(a). The party need not, however, have actual physical possession. If the party to whom a request for production has been made has the legal right to obtain the documents sought to be produced, discovery can be had, even in the absence of actual possession. *In Re Folding Carton Antitrust Litigation*, 76 F.R.D. 420 (N.D.Ill.1977) (a party need not have actual possession of documents which are requested in order to be deemed in control of them; test is whether the party has a legal right to control or obtain them); *Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73 (D.C. Mass.1976) (a private corporation cannot avoid producing documents by an allegation of "impossibility" if it can obtain the requested information from sources under its control).

■ Mr. Bowman has the legal right to obtain the information Conrail seeks. Section 12(d) of the Railroad Unemployment Insurance Act, 45 U.S.C. Section 362(d)(iii), provides that "any claimant of benefits under this chapter shall, upon his request, be supplied with information from the Board's records pertaining to his claim". Further, the Board sent the documents in question to Mr. Bowman and Mr. Bowman returned them to the Board. The court finds that Mr. Bowman has the requisite control over the documents sought by Conrail.

### B

■ Mr. Bowman's opposition to discovery based on the relevancy of the documents sought and the admissibility or inadmissibility of said documents at trial is similarly without merit. Rule 26(b) provides that the information sought must be

"relevant to the subject matter involved in the pending action". Under Rule 26(b), relevancy is a broader concept in the discovery stage than at trial. *See* cases cited at 8 Wright & Miller, Federal Practice and Procedure: Civil Section 2008, at 41 n. 9. If there is any possibility that the information sought may be relevant to the subject matter of the action, a request for discovery should be considered relevant. *American International, Inc. v. Eastman Kodak Co.,* 100 F.R.D. 255, 257 (N.D.Ill. 1981); *In Re Folding Carton Antitrust Litigation,* 83 F.R.D. 251, 254 (N.D.Ill. 1978). Nor is discovery under Rule 34 limited to documents that would be admissible in evidence at trial. Rule 26(b)(1) states:

> It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Conrail's contention that the materials it seeks relate to the issue of whether the accident was job-related suffices to establish a showing of relevancy for purposes of discovery.

## C

On the matter of privilege, the parties agree that 45 U.S.C. Section 362(d) controls disclosure of information obtained by the Board; it is the interpretation of that statute on which the parties differ. Mr. Bowman contends that Section 362(d) establishes a privilege, protecting the documents from discovery. Conrail contends that the statute is concerned with protecting the identity of the employees and is written in terms of confidentiality rather than privilege.

45 U.S.C. Section 362(d) is entitled "Information as confidential" and reads, in pertinent part, as follows:

> Information obtained by the Board in connection with the administration of this chapter shall not be revealed or open to inspection nor be published in any manner revealing an employee's identity
>
> . . .

This language makes it evident that the purpose of Section 362(d) is to protect the identity of employees, and that, pursuant to that purpose, the Board is authorized to withhold information regarding the identity of such employees. See *Association of Retired Railroad Workers v. United States Railroad Retirement Board, et al.,* 618 F.Supp. 1130, 1131 (D.C.D.C.1985) ("Of the plethora of information collected and stored by the Board, Section 12(d) [45 U.S.C. Section 362(d) ] limits only the publication or release of information which would reveal employee's identities."). Section 362(d) does not create a statutory privilege as to all information obtained by the Board.

## D

A court may limit the extent to which discovery may be used if it determines that the discovery sought is obtainable from some other source that is more convenient, less burdensome or less expensive. Fed.R.Civ.P. 26(b)(1)(i). Whether Mr. Bowman's medical records are available to Conrail through other sources does not dispose of the matter: Conrail's request for information is not limited to medical reports, and there has been no showing that such discovery could be obtained in a more convenient, less burdensome, or less expensive means. Mr. Bowman had the documents Conrail seeks in hand and can get them again. Mr. Bowman cannot dispose of the materials sought and then argue that he does not have possession and that it would be just as easy for Conrail to get the information elsewhere.

## III

Accordingly, the court now GRANTS defendant Consolidated Rail Corporation's motion to compel production and orders the plaintiff to produce for inspection and copying all documents submitted to the Railroad Retirement Board in connection with plaintiff's application for retirement benefits.

SO ORDERED.