**Julie L. BROWN, et al., Plaintiffs,**

v.

**ELI LILLY AND COMPANY,
Defendant.**

**No. CV87–L–471.**

United States District Court,
D. Nebraska.

July 22, 1988.

See also 690 F.Supp. 857.

Royce E. Norman, North Platte, Neb. for plaintiffs.

Stephen E. Scheve, Kansas City, Mo., J. Arthur Curtiss, Lincoln, Neb., for defendant.

## MEMORANDUM AND ORDER

DAVID L. PIESTER, United States Magistrate.

The defendant in this matter has filed a motion to compel discovery, seeking an order requiring the plaintiff Julie L. Brown and her mother, Ellie Kirkpatrick, to execute general medical authorizations for the release of medical information concerning their complete medical histories. Alternatively, defendant seeks an order precluding plaintiffs from utilizing at trial any medical records of the plaintiff or her mother. The request for authorizations was embodied in requests for production of documents, numbers 15 and 16, to which the plaintiffs objected on several grounds, including, that the records pertaining to the plaintiff's conditions had previously been supplied to defense counsel; that the other medical records of the plaintiff are discoverable through other means; that the plaintiff did not possess medical records other than those produced to the defendant; and that Ellie Kirkpatrick, plaintiff's mother, is not a party to this litigation and is not controlled by plaintiff or her counsel.

The defendant, in support of the motion, relies heavily upon several unreported decisions attached to its brief. *Cordes v. Eli Lilly and Company*, No. C 80–490 (N.D. Ohio, April 27, 1981); *Skjonsberg v. Upjohn Company*, No. 75–1770 (D.N.J., January 25, 1977); *Ferrigno v. Eli Lilly and Company*, No. L–41104–75 (Superior Court, N.J., May 13, 1977); *Hadden v. Eli Lilly and Company*, No. L–5484–76, July 29, 1977); *Eli Lilly and Company v. Prizer*, No. A–1531–77 (Superior Court of New Jersey, Appellate Division, January 23, 1979); *Winchell v. Eli Lilly and Company*, No. B/80/127 (D.Conn., July 9, 1981). In each of these cases an order was entered directing the plaintiffs and the mothers of plaintiffs in circumstances alleged to be similar to those in this in this case, to execute medical authorizations to permit discovery of medical records of not only the plaintiffs, but their mothers as well. With two exceptions, none of these cases apparently involved any dispute as to the scope of those medical authorizations, and none of them indicates any particular considerations in determining the proper scope of such medical authorizations. The exceptions are the *Prizer* and *Winchell* cases. In *Prizer* the court required an *in camera* showing as to relevance for any requested information other than obstetrical or gynecological information in the mother's medical history. In *Winchell* the court required all information to be divulged to defense attorneys. It is true, as argued by the defense, that the plaintiff has waived the physician-patient privilege insofar as her medical condition is concerned. To a certain extent the same is true as to the plaintiff's mother in that it is her condition which allegedly gave rise to the plaintiff's problems resulting in this lawsuit. Waiving the physician-patient privilege, however, does not amount to a waiver of the requirement that relevance be shown in order to obtain discovery, as

found in Rule 26(b)(1), Fed.R.Civ.P. It may be that if the plaintiff's mother was diabetic, had had abortions, or was preeclamptic, as speculated in the defendant's reply brief, these conditions may have some bearing on the issues in this case; however, there has been no showing that this is so. Likewise, there has been no showing that any other medical condition, from headaches to bunions, would have any bearing on the issues in this matter. I therefore cannot order the execution of a general medical authorization by the plaintiff's mother, even assuming her to be properly before the court for such purpose.

There is some doubt as to whether or not any order for discovery can properly be directed to the plaintiff to produce a medical authorization signed by her mother. Although Rule 34, Fed.R.Civ.P., refers to documents in the "possession, custody, or control" of the party to whom the request for production is addressed, there has been no showing made in this matter that the plaintiff's mother is under the "control" of the plaintiff so as to be required to execute such a medical authorization. Even assuming the "control" question to be resolved in the defendant's favor, the relevance question remains.

With respect to the plaintiff Julie Brown herself, I have no difficulty in requiring that her complete medical history, even beyond the obstetrical and gynecological aspects, be disclosed. The allegations of the complaint and the plaintiff's answers to interrogatories establish that she experienced cancer in her body which she attributes to the defendant's drug, diethylstilbestrol ("DES") being taken by her mother. As cancer is generally thought to have a number of different sources or causes, and is commonly regarded as having at least a potential to spread to parts of the body not originally affected, the plaintiff's own medical history may be extremely important in determining the issues in this case. I cannot make the same conclusion, however, with respect to the plaintiff's mother, as to whom the issues here appear to be remote as to matters outside the obstetrical and gynecological history.

The plaintiffs request that an order be entered prohibiting defense counsel from contacting witnesses in this matter. I shall deny the request, except to remind counsel of the strictures of Rule 26(b)(4), Fed.R. Civ.P.

The remaining question is whether or not the plaintiff, Julie Brown, should be required to execute medical authorizations, permitting the defendant's counsel to obtain the medical records directly from the custodians, or alternatively, whether records depositions should be required or the records produced through plaintiffs' counsel. Under the circumstances, I conclude that the most expeditious manner in which to produce the documents is through plaintiffs' counsel, and I shall structure the order accordingly. I shall not prohibit defendant from obtaining records from their custodians, however, at defendant's expense, and shall direct plaintiff to authorize the release of copies of such records.

IT THEREFORE HEREBY IS ORDERED:

1. The defendant's motion to compel discovery, filing 13, is hereby granted in part and plaintiff Julie L. Brown shall produce, through counsel, all medical records pertaining to her complete medical history, not limited to obstetrical or gynecological medical records, within 30 days of the date of this order. Plaintiff shall sign authorizations for the release of medical records to defendant's counsel, by all providers of health services by whom she has been treated or received services, within 30 days.

2. Plaintiffs' counsel shall obtain, if possible, all medical records of Ellie Kirkpatrick, pertaining to obstetrical and/or gynecological aspects of her medical history, and shall produce all of such records to defense counsel, within 30 days of the date of this order. In the event such records are not produced within 30 days, defendant may depose Ellie Kirkpatrick and seek such records and/or signed authorizations. In any subsequent motion to compel, appropriate sanctions may be sought.

3. Each party shall bear its own expenses with respect to this discovery matter.