The ESTATE OF Richard YOUNG, Through Josephine YOUNG, Executrix, Plaintiff,

v.

Larry HOLMES, Defendant.

No. CV–S–87–271–PMP(RJJ).

United States District Court, D. Nevada.

Feb. 11, 1991.

Ellen J. Winograd, of Laxalt & Nomura, Ltd., Reno, Nev., for plaintiff.

Marc D. Risman, Las Vegas, Nev., for defendant.

## OPINION

ROBERT J. JOHNSTON, United States Magistrate Judge.

This matter came before the Court on Defendant, Larry Holmes' Motion to Compel Production of Documents (# 48), pursuant to Rule 37 of the Federal Rules of Civil Procedure. The Defendant is seeking the following documents:

1. All published materials written by Richard Young that mention or refer to defendant, Larry Holmes.

2. All medical records, documents, bills, and notes for treatment of injuries to Richard Young proximately caused by the incident alleged in Plaintiff's Complaint.

### I.

The action was commenced on April 14, 1987, to recover damages resulting from the Plaintiff being physically removed from the Larry Holmes boxing practice arena at the Las Vegas Hilton Hotel.[1] The Plaintiff

---

1. The Estate of Richard Young has been substituted for the Plaintiff, who died during the pending litigation.

seeks to impose liability on Defendant, Larry Holmes for battery, violation of First Amendment rights, assault, and intentional and negligent infliction of emotional distress.[2]

The original Plaintiff, Richard Young, was a widely published sportswriter. In the years prior to and following the incident,[3] which has given rise to the above action, Richard Young wrote articles that mentioned or referred to Larry Holmes. Mr. Young would sell his articles to various newspapers, although the majority of articles were sold to the New York Post.

The Plaintiff provided two articles published in the New York Post on April 16 and 17, 1986, in response to a document request. The Plaintiff further responded to the request by stating that "[o]ther published materials may exist, but these are not currently in Plaintiff's possession. Since these publications are as accessible to Defendant, Larry Holmes, as to Plaintiff, it would cause Plaintiff undue burden and expense to have to locate [and] to reproduce same."

The Defendant Holmes claims the Plaintiff's estate has the duty to provide the requested articles for the following reasons:

1. The party who initiated the lawsuit wrote the articles.

2. The writings were published in New York City where the Estate of Richard Young is located.[4]

3. The Defendant is unaware of the quantity of the items requested.

4. It is unfair for the Plaintiff to invoke this Court's jurisdiction by pleading diversi-

ty, as a matter of choice and convenience to the Plaintiff, and then say that the Defendant should travel to the location of Plaintiff's residence to discover documents located there.[5]

■ The Defendant has misinterpreted Rule 34 of the Federal Rules of Civil Procedure. Rule 34 provides in part that "[a]ny party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents ... within the scope of Rule 26(b)[6] and which are in the possession, custody or control of the party upon whom the request is served...." Rule 34 has been liberally construed to facilitate the discovery process. However, "the breadth of Rule 34 of course does not mean that every document is ipso facto discoverable." 8 Wright & Miller, Federal Practice and procedure: Civil § 2206 at 609 (1970).

Production may only be required if the documents are in the possession, custody or control of the party upon whom the request was served.

In this case, the evidence is uncontroverted that the Plaintiff does not have possession or custody of the articles. Once the articles were sold to the New York Post or other newspapers, Richard Young destroyed his notes and copies. He did not keep a scrap book or collection of his writings.

## CONTROL

■ Having found that the Plaintiff does not have possession of the requested documents, the Court must decide whether the

---

**2.** On November 17, 1988, this matter was dismissed with prejudice as to Defendant, HILTON HOTEL CORPORATION and WANDA MACKAY (# 50).

**3.** The incident which is the basis of the complaint occurred on April 15, 1986, at the Las Vegas Hilton Hotel, Las Vegas, Nevada.

**4.** The estate of Richard L. Young is actually being administered in the State of New Jersey.

**5.** The Defendant is a resident of the State of Pennsylvania.

**6.** Fed.R.Civ.P. 26(b) authorizes discovery of any matter, not privileged, which is relevant, including information that appears reasonably calculated to lead to the discovery of admissible evidence.

Although the Plaintiff's Response to Request to Produce did not include an objection that the materials written by Richard Young were not relevant or discoverable under Fed.R.Civ.P. 26(b), the Plaintiff does make that assertion in the Opposition to Defendant's Motion to Compel (# 52). Plaintiff's objection based on relevance is rejected by the Court.

Plaintiff has control of the documents. "[A] party need not have actual possession of documents to be deemed in control of them." *In re Folding Carton Antitrust Litigation*, 76 F.R.D. 420, 423 (N.D.Ill. 1977), citing 4A Moore's Federal Practice ¶ 34.17, at 34–98. Generally, a party is deemed to have control of documents, only if the party has the legal right to obtain the documents requested upon demand. *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir.1984).

In the following cases a party was found to have sufficient right to obtain the documents on demand to be under an obligation to produce them pursuant to a Rule 34 request: *Bowman v. Consolidated Rail Corp.*, 110 F.R.D. 525 (N.D.Ind.1986) (a party who has claimed Government benefits and has a statutory right, not available to the other party, upon request, to be supplied information form the agency's records pertaining to his claim); *Cooper Industries, Inc. v. British Aerospace, Inc.*, 102 F.R.D. 918 (S.D.N.Y.1984) (documents in the possession of Defendant's British affiliate); and *M.L.C., Inc. v. North American Philips Corp.*, 109 F.R.D. 134 (S.D.N.Y.1986) (documents which were originally produced by the party or its agents, and then turned over to the attorney).

The relationship between the party and the person or entity having actual possession of the document is central in each case. The party must be able to command release of the documents by the person or entity in actual possession. This position of control is usually the result of statute, affiliation or employment.

■ In order to determine whether the Plaintiff has control of any articles being sought by the Defendant, the Court must analyze the relationship between Richard Young and the New York Post. Richard Young sold uncopyrighted[7] articles to the New York Post. After purchasing the articles, the New York Post had no legal obligation to save copies of the articles for Richard Young or his estate or to produce copies of the articles upon the demand of Richard Young or his estate.

The District Court of the District of Columbia faced a similar motion to compel production of documents in a libel case. *Keogh v. Pearson*, 35 F.R.D. 20 (D.D.C. 1964). The Plaintiff sought the production of all newspaper columns written by the defendant, Drew Pearson, between 1948 and 1962. The Court held that "[i]f these columns were under the exclusive control of defendant, the Court might be ready to order their production. But these columns are readily available at the Library of Congress. Plaintiff cannot expect defendant to do his work for him." *Keogh*, 35 F.R.D. at 23.

The relationship between the Plaintiff and the New York Post is not sufficient to establish control because Young cannot command release of the documents from the New York Post. The Court finds that Plaintiff, The Estate Of Richard Young, does not have control of the documents sought within the meaning of Fed.R.Civ.P. 34.

Additionally, the Defendant can secure copies of the requested documents from the custodian of records at the New York Post as readily as the Plaintiff by following Fed.R.Civ.P. 30 and 45.

## II.

■ The Defendant requested "all medical records, documents, bills, and notes for treatment of injuries to Richard Young proximately caused by the incidents alleged in Plaintiff's Complaint." The Plaintiff, in its Response to the Request to Produce (Exhibit A attached to # 48), stated that "[n]o medical records found to date. Discovery continuing."

The Plaintiff reiterated in the Opposition to Defendant's Motion to Compel (# 52) that no documents have been found during discovery that are responsive to Defendant's Request to Produce No. 2. The Plaintiff further acknowledges its burden

7. The two New York Post articles previously produced by the Plaintiff were not copyrighted. The customary practice for Mr. Young's field of journalism does not include the copyrighting of each news article or story.

to prove that any medical expenses were proximately caused by the April 15, 1986, incident.

During oral argument on the Motion to Compel, Plaintiff's counsel again confirmed the absence of medical records, documents, bills and notes regarding the treatment of injuries to Richard Young on April 15, 1986. Plaintiff's counsel further stated that the claim for physical injuries to Richard Young would be based on the testimony of his surviving spouse.

The Defendant is hardly in a position to complain about Plaintiff's failure to produce documents which do not exist, when this may ultimately work to Defendant's advantage.

### III.

 Both the Plaintiff and the Defendant requested their reasonable expenses, including attorney's fees, incurred in regard to Defendant's Motion to Compel (# 48).

Rule 37(a)(4) of the Federal Rules of Civil Procedure provides in part that,

> If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the Court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

Since both parties had originally requested the reasonable expenses incurred in regard to the motion, the Court conducted a hearing on this issue at the conclusion of the hearing on the motion to compel.

Plaintiff's counsel represented that her hourly rate of compensation for matters of this type is One Hundred Dollars ($100.00) per hour. She further represented that she devoted three hours to the research, investigation and writing of the Opposition to Defendant's Motion to Compel (# 52), and one hour preparing and arguing in opposition to the motion in Court.

The hours required and the rate charged by Plaintiff's counsel are reasonable.

Finally, Defendant's counsel failed to make any effort to resolve these discovery matters before filing the Motion to Compel Production of Documents (# 48).[8] Rather than ignore Defendant's Motion to Compel Production of Documents (# 48) as authorized by the Local Rule, the Court felt compelled to address and rule on the merits in order to secure the just, speedy, and inexpensive determination of this action.[9]

If the making of the motion was substantially justified or other circumstances make an award of expenses unjust, then the Court should not require the moving party to pay the party who opposed the motion the reasonable expenses incurred. Fed.R. Civ.P. 37(a)(4). The failure of Defendant's counsel to comply with Local Rule 190–1(f)(2) is inexcusable. His wilful and flagrant disregard of the Local Rule resulted in the unnecessary Motion to Compel (# 48) and increased Plaintiff's costs in this case unreasonably.

### IV.

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant's Motion to Compel Production of Documents (# 48) is denied.

---

**8.** Local Rule 190–1(f)(2) states that "[d]iscovery motions will not be considered unless a statement of moving counsel is attached thereto certifying that, after personal consultation and sincere effort to do so, counsel have been unable to satisfactorily resolve the matter."

**9.** The discovery period in this case has expired. (# 51). Additionally, Defendant's counsel was previously sanctioned in this case for improper conduct of the litigation pursuant to Fed.R.

Civ.P. 11. Defendant's counterclaim alleging defamation against the Plaintiff was dismissed as insufficient on its face when the Defendant failed to specify any articles, editorials or other publications written by the Plaintiff which were allegedly defamatory. The Court went on to hold Rule 11 sanctions were warranted (# 19), and awarded One Thousand Dollars ($1,000.00) in favor of the Plaintiff and against counsel for the Defendant. (# 26).

IT IS FURTHER ORDERED that the Plaintiff is awarded its reasonable expenses, including attorney's fees incurred in opposing the Motion to Compel (# 48). Defendant's attorney, Marc D. Risman, Esq., shall personally pay the Plaintiff the sum of Four Hundred Dollars ($400.00).