**Robert NEAL and Linda Sizemore–Neal, Plaintiffs,**

v.

**Joel C. BOULDER, M.D., Guy D. Clifton, M.D., and John F. Roberts, M.D., Defendants.**

No. 91–M–1799.

United States District Court, D. Colorado.

May 21, 1992.

Jim Leventhal, Leventhal & Bogue, P.C., Denver, Colo., for plaintiffs.

Paul Cooper and Regina Rodriguez, Cooper & Kelley, P.C., Denver, Colo., for defendant Roberts.

Michael McNally, Englewood, Colo., for defendants Boulder and Clifton.

Bruce A. Montoya, Pryor, Carney & Johnson, Englewood, Colo.

## MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge.

THIS MATTER came before the Court for hearing on May 7, 1992 on the motions to compel filed by Defendants. Present were the following counsel: Jim Leventhal, attorney for Plaintiffs; Michael McNally, attorney for Defendants Boulder and Clifton; and Paul Cooper and Regina Rodriguez, attorneys for Defendant Roberts. Argument was presented by counsel, and the motions were then taken under advisement.

This case involves a claim of medical malpractice on the part of Defendants. Plaintiffs allege that Defendants did not properly diagnose an x-ray that was taken of Plaintiff Robert Neal that reflected a cancerous condition. Plaintiffs allege that this erroneous diagnosis, reflecting a normal healthy condition, prompted Plaintiff Robert Neal to leave his then-employment and seek new work. After he had obtained that new employment, his condition was then properly diagnosed, and he is now unable to obtain any health insurance. He is claiming the loss of this health insurance as his damages.

During the course of discovery, Defendants sent written interrogatories and requests for production of documents to Plaintiffs' counsel. As part of the requests for production of documents, Plaintiffs were requested to provide signed medical release forms that would allow counsel for Defendants to obtain medical records from medical care providers in Colorado and California. It is not disputed that some of these releases have yet to be provided.

Plaintiffs have objected to production of these medical releases for a variety of reasons. Primarily, the objection is that the medical releases tendered are worded so broadly that counsel for Defendants would end up discussing *ex parte* the medical condition of Plaintiff Robert Neal with present or past treating physicians. Counsel for Plaintiffs has tendered documents attached to the response to the motions to compel detailing that past practices of. counsel for Defendants have created problems, such as endorsements of treating physicians as defense expert witnesses. It is alleged that such endorsements arose from *ex parte* communications between defense counsel and treating physicians. Plaintiffs appear to rely upon Colorado Bar Association Ethics Opinion # 71 for their position. On the other hand, counsel for Defendants argued that they are absolutely entitled to the releases pursuant to *Fields v. McNamara*, 189 Colo. 284, 540 P.2d 327 (1975).

This Court notes that the motions to compel are brought pursuant to Fed. R.Civ.P. 37. Requests for production of documents are governed by Fed.R.Civ.P. 34. That Rule reads, in part, as follows:

(a) **Scope.** Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phono records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and *which are in the possession, custody or control of the party upon whom the request is served....* (emphasis added).

The simple fact is that the medical records sought are not in the care and custody of Plaintiffs. They remain with the medical care providers. At best, Plaintiffs may have a copy of the medical records. If they do, they then have a duty under Fed. R.Civ.P. 34 to make these available for inspection. Defendants' counsel have made clear their desire not to have medical documents produced by Plaintiffs, wanting instead unedited records from the medical care provider. Plaintiffs cannot produce medical records over which they do not have control.

Likewise, there appears to be little authority, save the *Fields* decision, in Colorado for the proposition that a party can be compelled to provide releases to an opposing party's counsel. Indeed, the Colorado Supreme Court in *Fields* found no abuse of discretion on the part of the trial judge in directing releases so that medical records could be provided to defense counsel under the facts and circumstances of that case. On the other hand, the court determined that there had been an abuse of discretion by the trial judge in ordering that the releases include the ability for defense counsel to talk *ex parte* with the treating physicians. The *Fields* case does not stand for any broad statement that a medical release form can be compelled in every case by defense counsel. It appears to this Court that there has arisen a belief that such releases are to be given as a matter of course and compelled when not provided. There is no basis in the *Fields* decision or in Fed.R.Civ.P. 34 for such belief on the part of counsel.

The *Fields* decision has not been cited by either state appellate court in Colorado since it was decided. In the three cases citing *Fields,* two have arrived at the conclusion that *ex parte* communications between opposing counsel and a treating physician can be precluded. See, *Petrillo v. Syntex Laboratories, Inc.,* 148 Ill.App.3d 581, 102 Ill.Dec. 172, 499 N.E.2d 952 (1 Dist.1986); *Crist v. Moffatt,* 326 N.C. 326, 389 S.E.2d 41 (1990); but see, *Langdon v. Champion,* 745 P.2d 1371 (Alaska.1987) (*ex parte* communications not precluded, as previously permitted by prior case law).

Further, Fed.R.Civ.P. 34 has recently been amended to allow easier access to information held by third parties. The amendment to the Rule reads as follows:

(c) Persons Not Parties. A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45.

The 1991 amendment to Fed.R.Civ.P. 45 was also undertaken to facilitate access to information held by third parties. Though the process may still seem arduous, it is simplified over the previous requirements of Rule 34(c). Use of Rules 34 and 45 is available and will allow for production of such documents as may be in the possession of physicians, hospitals and the like. A prudent plaintiff may well want to make such information available for opposing counsel or provide a release directly to the medical care provider to allow release of the records. If that is not done, then counsel may avail themselves of Fed.R.Civ.P. 34 to obtain the records and to secure an appropriate order to allow those records to be produced.

Counsel for Defendants have provided no basis under Fed.R.Civ.P. 34 that would allow this Court to compel the providing of the release forms requested. Plaintiffs do not have custody of the medical records being sought. The *Fields* case must be more narrowly reviewed than as proposed

**328**

by counsel for Defendants and does not stand for the proposition that medical release forms must be provided in each case.

■ In addition, the Court would note that Plaintiffs' concern about *ex parte* communications is one being experienced throughout the country. Courts are split on the issue of the propriety of such *ex parte* conversations between counsel and treating physicians.[1] The Colorado Supreme Court held in *Fields* that it was an abuse of discretion when releases were compelled that allowed *ex parte* contact by defense counsel with the treating physician. *Fields v. McNamara, supra* 540 P.2d at p. 328–29. The better reasoned view of courts considering this issue is that the doctor-patient privilege is not completely abrogated when a plaintiff chooses to commence litigation. The treating physician should continue to be able deal with his or her patient within the parameters of the privilege.

Further, discovery in the federal court system is controlled by the Federal Rules of Civil Procedure. Compelling of releases and authorizations for *ex parte* communications is beyond what is authorized by Rule 34. Defendants will have complete access to all necessary information through the provisions of the Rules of Civil Procedure. That is particularly true now with the amendments to Rules 34 and 45. Plaintiffs may ultimately choose to provide a release of medical records, but they may also choose to specifically preclude *ex parte* communications. That is their right under *Fields*, as well as the more reasoned decisions upon which this Court has relied.

IT IS HEREBY ORDERED that Defendants' motions to compel are denied; and

IT IS FURTHER ORDERED that each side is to pay its own attorney's fees and costs as to these motions.

---

1. Some courts have upheld the right of defense counsel to interview *ex parte* the treating physician on the basis that the doctor-patient privilege has been waived. *Trans–World Investments v. Drobny,* 554 P.2d 1148 (Alaska.1976); *Doe v. Eli Lilly & Co.,* 99 F.R.D. 126 (D.D.C.1983). *Jaap v. District Court of Eighth Judicial District,* 191 Mont. 319, 623 P.2d 1389 (1981). Other courts have held that such contacts are inappropriate and can be precluded by a trial court.

*Alston v. Greater Southeast Comm. Hosp.,* 107 F.R.D. 35 (D.D.C.1985); *Roosevelt Hotel Ltd. Partnership v. Sweeney,* 394 N.W.2d 353 (Iowa 1986). At least one court has had conflicting resolutions of the issue. *Filz v. Mayo Foundation,* 136 F.R.D. 165 (D.Minn.1991) (*ex parte* interviews permitted); but see, *Gobuty v. Kavanaugh,* 141 F.R.D. 136 (D.Minn.1992). Many additional cases could have been cited both for and against the propriety of *ex parte* interviews.