### In re WOOLWORTH CORPORATION SECURITIES CLASS ACTION LITIGATION.

No. 94 Civ. 2217 (RO).

United States District Court, S.D. New York.

May 2, 1996.

Patrick V. Dahlstrom, Pomerantz Haudek Block & Grossman, New York City, for Plaintiffs.

Lawrence Byrne, Gibson, Dunn & Crutcher, New York City, for Non–Party Witness Laura Kirsner.

## MEMORANDUM AND ORDER

OWEN, District Judge.

Plaintiffs in this securities class action are Woolworth shareholders who purchased Woolworth common stock during the class period, from May 12, 1993 to March 29, 1994, when it is alleged various accounting frauds were perpetrated by Woolworth. Before me is plaintiffs' motion to compel Laura Kirsner, Woolworth's Assistant Controller during 1993 and Controller from January 1994 until October 1994, to produce the transcript of testimony she gave at a non-public hearing before the Securities and Exchange Commission in February 1995.

Plaintiffs assert that Kirsner is highly knowledgeable as to various transactions in issue in this litigation. Accordingly, on April 10, 1995, plaintiffs served Kirsner with a subpoena *duces tecum*, requesting the production of various documents, including transcripts of any SEC testimony she had given.

Until late May or early June of 1995, Kirsner was a resident of New York City. At that point, however, she moved to Kansas City, Missouri. She was deposed on September 14, 1995 in Kansas City, at which time her counsel informed plaintiffs' counsel that although Kirsner had testified before the SEC, neither she nor her counsel had the transcript of that testimony. Plaintiffs then requested that Woolworth, in accordance with Fed.R.Civ.P. 37(a), 34, and 26(b), secure the SEC transcripts of its current and former employees. Without conceding any legal duty to do so, Woolworth agreed to request that Kirsner produce her testimony. Woolworth subsequently advised plaintiffs of Kirsner's position that she was under no legal duty to order a copy of the transcript from the SEC and would therefore not produce it. Plaintiffs' attempts to compel Kirsner directly to produce the transcript were similarly unavailing.

Plaintiffs' essential argument is that a defendant corporation is required to produce documents which are in its possession, custody, and control; therefore, to the extent that a defendant corporation exercises control over its present and former employees, it is required to request those employees to obtain SEC transcripts of their testimony if those transcripts are responsive to a document request made upon the defendant. *See* Fed.R.Civ.P. 34(a); *Herbst v. Able,* 63 F.R.D. 135 (S.D.N.Y.1972). Plaintiffs contend that if subpoenaed to do so, Kirsner, in turn, must produce the transcripts because she is in "control" of them, in that she—and she alone—has a legal right to obtain them pursuant to 17 C.F.R. § 203.6 which reads:

> A person who has submitted documentary evidence or testimony in a formal investigative proceeding shall be entitled, upon written request, to procure a copy of his documentary evidence or a transcript of his testimony on payment of the appropriate fees: Provided, however, That in a nonpublic formal investigative proceeding the Commission may for good cause deny such request. In any event, any witness, upon proper identification, shall have the right to inspect the official transcript of the witness' own testimony.

I conclude that Kirsner's technical contentions as to the scope of the subpoena and its purported discharge have no merit. However, I must address her claim that even if a proper subpoena did exist, her SEC testimony is irrelevant to any issue in this litigation, and her privacy and confidentiality interests outweigh plaintiffs' alleged need for the transcript. In response, plaintiffs assert that they are not required to establish admissibility of the testimony at the discovery stage. *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 29, 104 S.Ct. 2199, 2205, 81 L.Ed.2d 17 (1984). Furthermore, the Federal Rules only make a distinction between privileged and non-privileged material, rather than private, intimate material and material to which no privacy interest attaches. *Id.* at 30, 104 S.Ct. at 2206.

Finally, in support of her contention that she has no obligation to order her SEC tes-

timony and turn it over to the plaintiffs, Kirsner relies primarily upon *In re Air Passenger Computer Reservation Sys. Antitrust Litig.*, 116 F.R.D. 390, 393 (C.D.Cal.1986). While there is dicta stating that "[i]f witnesses do not want transcripts of their [civil investigative demand] testimony reviewed by plaintiffs in subsequent civil litigation, they have the option of not requesting transcripts or not retaining them," *id.* at 393, this case pre-dates the 1991 Amendments to the Federal Rules of Civil Procedure. In its discussion of the purpose of the revisions to Fed. R.Civ.P. 45(a)(2), the Advisory Committee Notes to the Amended Rules state that "[a] non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34." Rule 34, in turn, requires production of documents within the "possession, custody, or control" of the party served. Because she has a legal right to endeavor to obtain the transcript,[1] Kirsner has "control" of it for purposes of discovery. *Wallace v. General Electric Co.*, No. 87–1236, 1988 WL 21909, at *1 (E.D.Pa. March 4, 1988) ("a party may be ordered to produce documents where that party has the legal right to obtain the documents, even though that party retains no copy,"); *In re Folding Carton Antitrust Litigation*, 76 F.R.D. 420, 423 (N.D.Ill.1977) ("It is also well settled that a party need not have actual possession of documents to be deemed in control of them ... The test is whether the party has a legal right to control and obtain them."). Therefore, the obligation to produce her SEC testimony extends to Kirsner, even though she is a non-party witness. Of course, if the SEC refuses to grant her request for a copy of the transcript, as is its right pursuant to 17 C.F.R. § 203.6, plaintiffs will have to forego this avenue of discovery.

Accordingly, plaintiffs' motion is granted and Kirsner is directed to request of the SEC a copy of her February 1995 SEC transcript. In the first instance, before turnover, she may review it for errors, and there-

after turn it over to plaintiffs' counsel for copying at plaintiffs' expense.

The foregoing is so ordered.

---

1. It would appear that the SEC is prepared to honor her request therefor.