Donna **CLARK**, Plaintiff,

v.

**VEGA WHOLESALE INC.**, a Nevada Corporation; Vega Enterprises, a California Corporation; Ray Vega, an individual; Does I through III; Roe Corporations I through III, Defendants.

No. CV–S–96–00616–PMP(RJJ).

United States District Court, D. Nevada.

Sept. 1, 1998.

Sheldon M. Markel, Las Vegas, NV, for plaintiff.

Laura J. Thalacker, Lionel, Sawyer & Collins, Las Vegas, NV, for Vega Wholesale, Inc. and Vega Enterprises.

Eva Garcia–Mendoza, Las Vegas, NV, for Vega Enterprises.

## ORDER

JOHNSTON, United States Magistrate Judge.

This matter was referred to the undersigned Magistrate Judge on Defendants' Motion for Order to Compel (# 39). The Court has considered the Defendants' Motion (# 39), the Plaintiff's Opposition and Cross–Motion to Compel (# 40), and the Defendants' Reply (# 42).

## BACKGROUND

The Plaintiff, Donna Clark, filed a complaint against the Defendants alleging: hostile work environment; quid pro quo sexual harassment; sexual discrimination and harassment in violation of state and federal law; and assault, harassment, and battery. During discovery, the Defendants requested that Clark sign and return two releases.

The first release was for Clark's employment records, and the second release was for her medical records. Two weeks later, the Defendants wrote a letter to the Plaintiff again requesting that she sign the releases. Thereafter, the releases were discussed during the deposition of the Plaintiff. This discussion lead to a new employment records release and another request that she sign both releases. Neither release was signed by Clark. Thus, the Defendants served the Plaintiff with a Second Request for Production of Documents, requesting the Plaintiff to sign the releases. An additional letter of request was also sent by the Defendants at a later date. Finally, the Defendants filed this Motion to Compel (# 39) the Plaintiff's signature. The Plaintiff signed the employment records release. Therefore, the Court will only address the Motion to Compel (# 39) regarding the medical records release.

## DISCUSSION

### Motion to Compel A Party's Signature

A request for production is governed by Rule 34 of the Federal Rules of Civil Procedure. "The purpose of Rule 34 is to make relevant and nonprivileged documents and objects in the possession of one party available to the other." 8A C. Wright & A. Miller, Federal Practice and Procedure § 2202, at 356 (2d ed.1994). Therefore, a party may inspect any document that is relevant to the pending subject matter. *Id.* § 2206, at 379. Since neither party contests the relevancy of the medical records, the issue is whether Rule 34 allows the Court to compel the signing of a release form to obtain the medical records. The Defendants argue that Rule 34 necessarily includes this remedy; however, the Court finds no basis in Rule 34 for it under these circumstances.

■ The breadth of Rule 34 extends to all relevant documents, tangible things, and entry upon designated land or other property.[1]

1. Specifically, Rule 34(a) states:
 (a) Scope. Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detectable devices into reasonably usable form), or to inspect and copy, test, or sample any tangible

*See* 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381. Rule 34 requires that the party upon whom the request is served must be in possession, custody, or control of the requested item. *Estate of Young v. Holmes,* 134 F.R.D. 291, 293 (D.Nev.1991). Here, it is uncontroverted that medical records are documents or tangible items as defined under Rule 34(a) and that the Plaintiff does not have actual possession or custody of the medical records.[2] Nevertheless, the Court must decide whether the Plaintiff has "control" of the medical records.

 "[A] party need not have actual possession of documents to be deemed in control of them." *Estate of Young v. Holmes,* 134 F.R.D. at 294 (citations omitted). A party that has a legal right to obtain certain documents is deemed to have control of the documents. But "[t]he relationship between the party and the person or entity having actual possession of the document is central in each case." *Id.* Moreover, this special relationship requires that a party have exclusive control of the documents before the Court orders production. *See id.* This special relationship exists when a party is able to command release of the documents by the person or entity in actual possession and is usually the result of statute, affiliation or employment. *Id.* Concomitantly, other persons or entities are unable to obtain the documents in the regular course of authorized discovery.

 The United States District Court for the District of Colorado was faced with the same issue in *Neal v. Boulder,* 142 F.R.D. 325 (D.Colo.1992). In *Neal,* the court found that there was "no basis under Fed.R.Civ.P. 34 that would allow this Court to compel the providing of the release forms requested" because the plaintiffs did not have custody or control of the medical records. *Id.* at 327; *see also Greene v. Sears, Roebuck & Co.,* 40

F.R.D. 14, 16 (N.D.Ohio 1966) (stating medical records are not in the "possession, custody, or control" of a patient). The court's finding in *Neal,* that the medical care providers maintain custody or control of medical records, is very compelling in the current situation.

The Court acknowledges that some courts have ordered a party to sign a medical release, but these courts rely on the conclusion that a compelled medical release is the most expeditious, efficient, or least expensive means of procuring information from medical providers. *See Smith v. Logansport Community Sch. Corp.,* 139 F.R.D. 637, 649 (N.D.Ind.1991); *Brown v. Eli Lilly & Co.,* 131 F.R.D. 176, 178 (D.Neb.1988). After reviewing these decisions, the Court finds the reasoning of *Neal* more persuasive and more consistent with Rule 34.

The relationship between the Plaintiff and her doctor is not sufficient to establish control. In fact, the Defendants can secure copies of the requested documents from the custodian of the records as readily as the Plaintiff. Proper use of the Federal Rules of Civil Procedure will allow for production of the medical records in the possession of physicians, hospitals, and other medical care providers. *See Neal v. Boulder,* 142 F.R.D. at 327; *see generally Estate of Young v. Holmes,* 134 F.R.D. at 294. The only likely impediment to the Defendants' discovery of Plaintiff's medical records would be a physician-patient privilege. However, there is no federal physician-patient privilege. Consequently, the Defendants have complete access to all necessary information through the appropriate discovery provisions of the Federal Rules of Civil Procedure.

## ORDER

Based on the foregoing and good cause appearing,

things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, survey-

ing, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

2. If the Plaintiff had a copy of the medical records, she would be required under Rule 34 to produce them.

IT IS HEREBY ORDERED that Defendants' Motion for Order to Compel (# 39) is DENIED.