## In re LEGATO SYSTEMS, INC. SECURITIES LITIGATION

No. C–00–20111.

United States District Court, N.D. California, at San Jose.

Nov. 7, 2001.

Blair A. Nicholas, Bernstein Litowitz Berger & Grossmann LLP, San Diego, CA, Gwendolyn R. Giblin, Gold Bennett Cera & Sidener LLP, San Francisco, CA, for Plaintiffs.

Jay L. Pomerantz, Latham & Watkins, Menlo Park, CA, for Defendants.

Nicole M. Healey, Wilson Sonsini Goodrich & Rosati, Palo Alto, CA, for Non–Party Witnesses.

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF SEC TRANSCRIPT (Doc. 249)

SEEBORG, United States Magistrate Judge.

### INTRODUCTION

Plaintiffs move to compel Defendant Cole to obtain and produce a transcript of his testimony before the Securities and Exchange Commission. For the reasons discussed below, Plaintiffs' Motion to Compel is GRANTED.

### BACKGROUND

Plaintiffs in this class action suit allege that Defendants, Legato Systems, Inc. ("Legato"), Legato's former Chief Operating Officer Louis Cole ("Cole"), and former Chief Financial Officer Steven Wise ("Wise") defrauded Legato investors by overstating Legato's revenues in 1999. Subsequent to Legato's restatement and revision of its financial results for the fourth quarter of Fiscal 1999, the Securities and Exchange Commission ("SEC") conducted an investigation regarding the restatement of Legato's financial results. In connection with those proceedings, the SEC took the depositions of Defendants Cole and Wise as well as various non-party witnesses. Wise has already provided to Plaintiffs a transcript of his SEC testimony. Plaintiffs, in their Request for Production of Documents, Request 4(d), have sought production of a transcript of Cole's SEC testimony as well. Cole has declined to request a copy of his transcript from the SEC, and therefore refuses to provide this item to Plaintiffs on the grounds that he does not have a copy of his testimony within his possession or control. Plaintiffs move for an order compelling Cole to request a copy of the transcript of his testimony from the SEC.

### STANDARD

Under the Federal Rules of Civil Procedure, Rule 26(b)(1) (as amended December 1, 2000),

[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party .... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Under Rule 34(a), "[a]ny party may serve on any other party a request ... to produce ... any designated documents ... which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served."

### DISCUSSION

There is no dispute that the transcript of Cole's testimony before the SEC is relevant to this action and generally discoverable. *See Baxter v. A.R. Baron & Co.,* 1996 WL 709624, at \*3 (S.D.N.Y.1996). Defendant Cole has not, however, requested a copy of that transcript and accordingly it is not presently within his actual possession or custody. The sole issue here is whether the transcript can be deemed to be within his *control.* "[A]

party need not have actual possession of documents to be deemed in control of them." *In re Folding Carton Antitrust Litigation,* 76 F.R.D. 420, 423 (N.D.Ill.1977).

In *United States v. International Union of Petroleum & Indus. Workers,* 870 F.2d 1450, 1452 (9th Cir.1989), the Court wrote: "Control is defined as the legal right to obtain documents upon demand." While this definition of "control" has been accepted within this circuit in discussions of both Rule 34(a) and 45(a)[1] (*International Union, supra; In re Citric Acid Litigation,* 191 F.3d 1090 (9th Cir.1999)), there has been little discussion as to precisely what is meant by "legal right" and "upon demand." Plaintiffs note that 17 C.F.R. § 203.6 provides that a person testifying before the SEC is "entitled" to a copy of the transcript of his or her testimony:

> Transcripts, if any, of formal investigative proceedings shall be recorded solely by the official reporter, or by any other person or means designated by the officer conducting the investigation. A person who has submitted documentary evidence or testimony in a formal investigative proceeding shall be entitled, upon written request, to procure a copy of his documentary evidence or a transcript of his testimony on payment of the appropriate fees: *Provided, however,* That in a nonpublic formal investigative proceeding the Commission may for good cause deny such request. . . .

(Emphasis in original.) Plaintiffs argue that because Cole is "entitled" to a copy of the transcript of his testimony, it cannot be denied that he has a "legal right" to the transcript, and that it is within his "control." Defendants argue, on the other hand, that because the SEC is authorized to deny Cole's request "for good cause," Cole does not have a legal right to obtain the transcript *"upon demand."*

The Court is aware of no case presenting this specific issue within the Ninth Circuit. Indeed, *International Union,* the Ninth Circuit case which adopted the "legal right/upon demand" formulation, did not analyze the particular meaning of these clauses, but simply adopted the language contained in *Sear-*

ock v. Stripling, 736 F.2d 650, 653 (11th Cir.1984). *Searock* did not discuss the derivation of this phrasing. The holding of neither *International Union* nor *Searock* turned upon the precise meaning of "upon demand." In *International Union,* the Court discussed the structure of an international union and its relationship to an affiliated local, concluding, upon analysis of the controlling statutes and the union constitution, that the international union had no legal right to obtain the local's delegate election records, and could not be compelled to produce such records. 870 F.2d at 1452–53. In *Searock,* the defendant owner of a vessel stated, in deposition, that he could obtain copies of repair invoices from shops which had worked on the vessel. Upon his failure to obtain all such repair invoices, his counterclaim was dismissed as a discovery sanction. The Court of Appeals concluded that the invoices in the possession of various repair shops were not within the control of the vessel owner and therefore vacated the imposition of the discovery sanction. 736 F.2d at 654.

Defendants urge a highly restrictive interpretation of the language at issue. They contend that a witness has control of documents only when he "has an absolute, exclusive and unconditional right to obtain the documents upon demand." Memorandum in Opposition at 5. This restrictive interpretation is not supported by precedents within the Ninth Circuit, and has been rejected by the courts outside this circuit which considered the specific fact pattern presented here (i.e., requests to compel a party or witness to obtain records of testimony given to an investigating body). In *In re Woolworth Corp. Securities Class Action Litigation,* 166 F.R.D. 311 (S.D.N.Y.1996), for example, a non-party witness was compelled to request a copy of her testimony before the SEC. "Because she has a legal right to *endeavor* to obtain the transcript, [the witness] has 'control' of it for purposes of discovery." *Id.,* at 313 (emphasis added). Similarly, in *In re NASDAQ Market–Makers Antitrust Litigation,* 169 F.R.D. 493, 530–31 (S.D.N.Y.1996),

---

1. Fed.R.Civ.P. 45(a) requires that a party served with a subpoena for records produce those that

are in the party's "possession, custody and control."

defendants' employees' deposition transcripts before the Antitrust Division of the Department of Justice were deemed to be within the control of the defendants because 15 U.S.C. § 1312(i)(6) gave the deponent a right to obtain a copy of his transcript, subject to the Assistant Attorney General's limitation "for good cause shown." *Accord, Maryville Academy v. Loeb Rhoades & Co., Inc.,* 1978 WL 1144, 27 Fed.R.Serv.2d 1077 (N.D.Ill. 1978) (compelling non-party witness to request transcript of testimony from SEC).

Decisions from within this circuit have noted the importance of a legal right to access documents created by statute, affiliation or employment. *Estate of Young v. Holmes,* 134 F.R.D. 291 (D.Nev.1991) (declining to find "control" by party of newspaper columns sold by party to New York Post); *Clark v. Vega Wholesale, Inc.,* 181 F.R.D. 470, 472 (D.Nev.1998) (declining to find that patient "controlled" medical records held by physician: "This special relationship exists when a party is able to command release of the documents by the person or entity in actual possession and is usually the result of statute, affiliation or employment. Concomitantly, other persons or entities are unable to obtain the documents in the regular course of authorized discovery."). 17 C.F.R. § 203.6, governing release of transcripts to the witness testifying before the SEC, is particular to the witness and does not authorize release of such records to private litigants. 17 C.F.R. § 203.2 expressly states that such materials are "deemed non-public." In both *Estate of Young* and *Clark, supra,* the court noted that the party seeking materials could request them directly from the individual or entity possessing the documents. In this case, SEC regulations do not authorize release of Cole's deposition directly to the Plaintiffs. *See* 17 C.F.R. § 240.24c–1. Nonetheless, the SEC places no constraints upon the uses to which a deponent may put the transcript of his deposition.[2]

For the reasons discussed above, the Court finds that the transcript of Cole's testimony before the SEC is within his control for purposes of Rule 34(a). Accordingly, Plaintiffs' Motion to Compel Defendant Cole to Order and Produce the Transcript of his Testimony Given Before the Securities and Exchange Commission is GRANTED. Cole shall by November 16, 2001, order a copy of his deposition transcript, and shall produce a copy to Plaintiffs' counsel upon receipt of the transcript from the SEC.

IT IS SO ORDERED.

---

**2.** Defendant Cole, in opposing Plaintiffs' motion, places himself in the anomalous position of asserting that the rights of the SEC may be compromised by Cole's production of his transcript. As previously noted, the SEC as a general matter places no constraints on a deponent's use of his or her own transcript. 17 C.F.R. § 203.6. Moreover, Defendants are not precluded from advising the SEC of Plaintiffs' transcript requests and the Commission can then take whatever action it deems necessary to protect its interests.